DUKES *v.* GLEN OF MICHIGAN

1. NEGLIGENCE—ORDINANCES—BUILDING CODE—CHANGE OF BUILD-
ING'S USE.
   A building code ordinance providing that a change of use of a building will bring the building under the provisions of the ordinance was proper evidence to be considered by a jury in determining the storeowner's negligence in not complying with the ordinance where the second story of the building was changed from a storage area to a display room open to the public even though the changes consisted only of painting and did not entail structural changes.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence §§ 14, 168, 180, 192.
[2–4] 38 Am Jur, Negligence §§ 98, 100, 131–136, 199, 366.
Liability of proprietor of store, office, or similar business premises for injury from fall due to defect in stairway. 64 ALR2d 398.

2. NEGLIGENCE—INVITEES—EVIDENCE—HANDRAILS.

> The absence of handrails on a stairway is competent evidence, without the consideration of the applicability of any ordinance, to be considered by the jury in determining whether a defendant had provided reasonably safe premises for its business invitees.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EXPOSURE TO HARM—EXERCISE OF RIGHT.

> A plaintiff is not guilty of contributory negligence in exposing himself to a risk of bodily harm where the defendant's negligence has made the plaintiff's exercise of a right or privilege impossible unless the plaintiff exposes himself to the risk, unless the plaintiff acted unreasonably.

4. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—BUSINESS INVITEES—EXPOSURE TO HARM—EXERCISE OF RIGHT.

> Contributory negligence of a plaintiff, a customer, in using a stairway without handrails to leave from a second-story salesroom open to the public was a question of fact even if the plaintiff knew the stairway did not have handrails where stairway was the only means to enter and exit the second floor.

Appeal from Manistee, Charles A. Wickens, J. Submitted Division 3 October 7, 1970, at Grand Rapids. (Docket No. 8359.) Decided March 23, 1971.

Complaint by Etta Dukes against Glen of Michigan for personal injuries received from a fall down defendant's stairway. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded for a trial on the merits.

*Donald G. Jennings,* for plaintiff.

*Korn & Burns,* for defendant.

Before: HOLBROOK, P. J., and R. B. BURNS and J. J. KELLEY, JR.,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Holbrook, P. J.  Plaintiff appeals from a summary judgment entered against her on October 27, 1969, upon motion filed by defendant pursuant to GCR 1963, 117.2(1).

Defendant, which manufactures and sells women's wear, has its principal office and plant in Manistee, Michigan.

The building was purchased in 1960 and the first floor was used by defendant as a factory outlet.

In 1962, the City of Manistee adopted an ordinance incorporating the Uniform Building Code of the International Conference of Building Officials. Section 1 of the ordinance in question provides in part:

"That a certain document, three (3) copies of which are on file in the office of the City Clerk of the City of Manistee; being marked and designated as 'Uniform Building Code, 1961 Edition, Published in the year 1961, by International Conference of Building Officials,' be and the same is hereby adopted as the building code of the City of Manistee, for regulating the erection, construction, enlargement, alteration, repair, moving, removal, demolition, conversion, occupancy, equipment, use, height, area, and maintenance of all buildings and/or structures in the City of Manistee * * * ."

The building code provides in part the following:

"Sec. 102.  The purpose of this code is to provide minimum standards to safeguard life or limb, health, property, and public welfare by regulating and controlling the design, construction, quality of materials, use and occupancy, location and maintenance of all buildings and structures within the city and certain equipment specifically regulated herein."

"Sec. 103.  The provisions of this code shall apply to the construction, alteration, moving, demoli-

tion, repair and *use* of any building or structure within the city  *  *  *  .

"Additions, alterations, repairs, and *changes of use* or occupancy in all buildings and structures shall comply with the provisions for new buildings and structures except as otherwise provided  *  *  *  ." (Emphasis supplied.)

Among the building code provisions is the following:

"Sec. 3305(g). Stairways shall have hand rails on each side, and every stairway more than eighty-eight inches (88″) in width shall have intermediate hand rails dividing the stairway into portions not more than sixty-six inches (66″) in width.

"Hand rails shall be placed not less than thirty inches (30″) nor more than thirty-four inches (34″) above the nosing of treads, and ends of hand rails shall be returned to the wall."

In July of 1967, the defendant opened the second floor of the building to the public for use as a display area, thereby converting the same from its former use as a storage area with access only to defendant's employees.

While work, consisting of painting and installing treads, was done on the sole stairway to the second floor, no structural changes were made.

On April 16, 1968, plaintiff, then 71 years of age, was shopping for the first time on the second floor of defendant's building. While returning from the second floor by means of the stairway serving as the only means of ascent and descent to and from the second floor, as apparently evidenced by a sign or signs posted directing customers to the stairway, plaintiff stumbled and fell the entire length of the stairway, which contained some 20 steps, to the bottom of the stairs, thereby sustaining severe personal

injury. It is undisputed that, at the time of the accident in question, there were no handrails installed on the stairway.

Plaintiff's complaint averred in part as follows:

"The sole proximate cause of the plaintiff's accident and injury was the negligence of the defendant in the operation of it's store which negligence consisted, among other things, of the following:

"(a) Failure to maintain the premises in a condition reasonably safe for customers.

"(b) Failure to have handrails on the stairway as required by the building code of the City of Manistee for commercial buildings such as this.

"(c) Failure to provide proper treads on the stairway to prevent slipping and falling such as this.

"(d) Failure to adequately attach the rubber mats or treads which were on the stairway so that this mat or tread would not slip or come loose causing a customer, such as the plaintiff, to fall.

"(e) Failure to provide handrailings on the stairway, even if not required by the City of Manistee, as these railings would be required in the exercise of reasonable prudence and due care.

"(f) Failure to warn customers of the hazardous condition of the stairway though such condition was known to the defendant."

Defendant in its answer, denied the above allegations of negligence and, additionally, as an affirmative defense, pleaded contributory negligence on the part of plaintiff, in failing to exercise due care in descending the stairway in question, as the proximate cause of her injuries.

The trial court, in its opinion granting defendant's motion for summary judgment, stated in part:

"Plaintiff Etta Dukes sues Glen of Michigan claiming that they were negligent in the operation of their store premises on April 16, 1968, when she

fell coming down the stairs in their Glen of Michigan store in Manistee, Michigan. Her claimed negligence is because of their failure to provide a handrail on the wall of the stairwell where she fell.

"The deposition of the plaintiff was taken and her deposition discloses that she went up the stairs on the 16th of April, 1968, and while going up the stairs she observed nothing wrong with the stairs, nor did she see any dangerous conditions then existing. Her testimony further states that as she came down the stairs she saw nothing wrong with the stairs but she caught her heel on something, probably a stair tread, and fell. Her deposition discloses that she does not know what she caught her heel on, nor what made her fall, that she does not know what caused her to trip and she cannot disclose any defect in the stairway that caused her to trip and stumble. Therefore, the conclusion is inescapable that she fell for reasons other than the negligence of the defendant in the operation of his premises, because she cannot show any defect in the premises.

"Admittedly, after the plaintiff started to fall, she grabbed for a handrail on the side of the stairwell. *There is some question * * * whether or not there was a duty to provide a handrail* in light of the date of the construction of the building and the ordinances of the city, *etc.* The question then becomes whether or not one who trips and starts to fall, through no negligence of the owner of the premises, can recover from the owner of the premises because of his failure to provide a handrail which might lessen his injuries as a result of his fall. This question the court must decide viewing the facts most favorable to the plaintiff. It is the contention of the plaintiff that a handrail is required by City Ordinance of 1962 (Uniform Building Code, § 3305, labelled "Stairs"). This section of the building code does not require a handrail on the defendant's premises. The premises predate the ordinance and were in their existing condition when the

ordinance went into effect. They were subsequently altered merely by redecorating and the ordinance provides that subsequent alterations of a premises will bring the ordinance into play, providing the value of the alterations exceeds a certain amount. The redecorating done by the defendants does not bring that provision on the alterations into play in this case, and the ordinance need not be complied with when merely redecorating.

"In light of the foregoing, the court must conclude that due to the fact that the plaintiff, Mrs. Dukes, cannot show any defect in the premises which caused her original stumble and starting to fall, the court must conclude that the original stumble resulted from her own negligence.

\*    \*    \*

"The failure to have a handrail, on the part of the store owner, is only an intervening cause, and does not relieve Mrs. Dukes from her responsibility of setting the original cause in motion, and the failure to have a handrail does not become a superceding cause to relieve Mrs. Dukes of her original negligence in tripping and starting her fall." (Emphasis supplied.)

Plaintiff contends that the trial court erred in granting summary judgment; that the Manistee Building Code required defendant to install handrails on the stairway on its premises; and that even if the code is inapplicable to defendant's building, evidence of failure to provide a handrail may be introduced to show that defendant did not provide reasonably safe premises for its customers.

The trial court, basing its decision upon the provision of the ordinance governing alteration and repair of premises, ruled that the ordinance and building code made a part thereof were inapplicable on the ground that the sum expended by defendant for alterations and repairs subsequent to enactment

of the ordinance did not exceed the amount required by the code to bring the ordinance into effect. However, the building code ordinance, having been adopted some five years before defendant's opening of the second floor of its building to the general public as a display area for its merchandise, is applicable to the instant case on the basis that defendant's *change of use* of the premises invoked the relevant provisions of the ordinance. The provisions are designed, as set forth therein, to establish minimum standards relative to buildings and structures within the city to "safeguard life or limb, health, property, and public welfare". We rule that the building code ordinance in question is, under the facts of this case, proper evidence to be considered by a jury in determining the question of negligence. As was recently stated by this Court in the analogous case of *Mills* v. *A. B. Dick Company* (1970), 26 Mich App 164, 168:

"The violation of an ordinance is  *  *  *  evidence of negligence. Railings are required for the protection of persons who accidentally lose their balance, including those who lose their balance through no fault of the landowner. The jury should have been permitted to determine whether defendants were negligent in failing to have conformed to the standard of care required by the ordinance."

We further rule that, aside from the building code ordinance, the absence of handrails is competent evidence to be considered by the jury in determining if defendant had provided reasonably safe premises for its business invitees. In *Mills, supra,* p 168, it was stated:

"Moreover, apart from the ordinance, we think the Mills were entitled to have their case submitted to the jury under an instruction that if it finds the

installation of a handrail   *   *   *   was necessary to make the premises reasonably safe for use by one, who, like Sidney Mills, was invited to come on the premises, on that ground as well it could find that the failure to have provided this safeguard was negligence."

See, generally, 64 ALR2d 398–468; *Davis* v. *Buss Machine Works* (1913), 175 Mich 61.

As to defendant's claims that plaintiff was guilty of contributory negligence, we reiterate what we stated in *Pollack* v. *Oak Office Building* (1967), 7 Mich App 173, 186:

"The applicable rule as to danger encountered in the exercise of a right or privilege is found in 2 Restatement Torts, 2d, § 473, p 523: 'If the defendant's negligence has made the plaintiff's exercise of a right or privilege impossible unless he exposes himself to a risk of bodily harm, the plaintiff is not guilty of contributory negligence in so doing unless he acts unreasonably.' "

The jury could properly find that plaintiff did not act unreasonably in using the staircase even though she may have known that it did not have a handrail.

Reversed and remanded for a trial on the merits. Costs to plaintiff.

All concurred.