### BERMAN v. LAROSE

1. NEGLIGENCE — PUBLICLY-OWNED LAND — LIABILITY OF ADJOINING PROPERTY OWNER — ELEMENTS OF CAUSE OF ACTION.

To establish liability of a defendant store owner for injuries occurring to plaintiff on adjoining publicly-owned land in front of defendant's store, where plaintiff parked her car and fell in a hole on the way to defendant's store, plaintiff would have to show that defendant increased the hazards in the publicly-owned parking area which existed when the injury occurred, or created new hazards on the strip of land or had physically intruded on the land or otherwise had a servitude of the parking area for his private benefit, and thus affected the area's safety; absent such a showing it cannot be said defendant had a duty to alter a hazardous condition on a publicly-owned parking area.

2. NEGLIGENCE — PUBLICLY-OWNED LANDS — GOVERNMENTAL IMMUNITY.

The state is immune from liability for injuries to plaintiff on publicly-owned land when the injuries occur on an off-road surface between the sidewalk and the road (MCLA § 691-.1402).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] .38 Am Jur, Negligence §§ 92, 94, 131, 134.
[2] 49 Am Jur, States, Territories and Dependencies, § 91.

Appeal from Common Pleas Court of Detroit, Julian P. Rodgers, Jr., J. Submitted Division 1 December 9, 1968, at Detroit. (Docket No. 5,191.) Decided February 24, 1969. Leave to appeal granted August 5, 1969. See 382 Mich 772.

Complaint by Violet Berman and Daniel Berman against Leo D. LaRose, operator of Dixfield Super Market, for negligence. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Bellinson & Doctoroff (Frederick B. Benjamin,* of counsel), for plaintiffs.

*Eggenberger & Eggenberger (John P. McKinney,* of counsel), for defendant.

BEFORE: McGREGOR, P. J., and FITZGERALD and CYNAR,* JJ.

McGREGOR, P. J. The present dispute presents the question of whether a commercial landowner owes a duty to business invitees to keep abutting state-owned property, used for public parking, in a reasonably safe condition. The particular fact situation involved, that of a publicly-owned parking area abutting defendant's premises, to our knowledge has not been presented to the American judiciary. The merits of the question will be weighed as presented by the following fact situation:

Defendant owns a retail grocery store and his customers often park their cars on a strip of state-owned land between the road and sidewalk in front of the store. The accident engendering this controversy occurred when plaintiff fell in a hole after

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

parking her car on the land strip, intending to pur-
chase groceries in defendant's store.   Thereafter,
her husband joined her in an action against defend-
ant for damages allegedly caused by the fall, which
included medical bills, pain and suffering, and loss
of consortium.  The circuit court entered a judgment
for defendant, reasoning as follows:

"An adjoining property owner owes no duty to
one injured on public property wherein he has not
created the nuisance nor allowed an innocent crea-
tion to become a nuisance or an unreasonable risk,
nor in an endeavor to correct a defect either creates
a new hazard or enhances an old hazard."

Although plaintiff clearly has suffered misfortune,
we have found no basis for her recovery, either from
the State or the defendant, as an owner of the abut-
ting premises.  State immunity from liability in the
exercise of a governmental function applies in the
instant matter, especially since the injury occurred
off a road surface.  PA 1964, No 170, § 1 *et seq.*
(MCLA § 691.1401 *et seq.;* Stat Ann 1968 Cum Supp
§ 3.996[101] *et seq.*).

Michigan decisions acknowledge the general rule
that defendant owes a duty to business invitees to
maintain his premises in a reasonable, safe condi-
tion.  However, there is no duty, absent a statute, of
an abutting owner as to the condition of the sidewalk
or public way, unless the landowner has physically
intruded upon the area in some manner or has done
some act which either increased the existent hazard
or created a new hazard. *Levendoski* v. *Geisenhaver*
(1965), 375 Mich 225; *Kinsey* v. *Lake Odessa Ma-
chine Products* (1962), 368 Mich 666; *Weider* v.
*Goldsmith* (1958), 353 Mich 339; *Betts* v. *Carpenter*
(1927), 239 Mich 260; *City of Detroit* v. *Chaffee*
(1888), 70 Mich 80.  Defendant's premises did not
physically intrude on the parking area in question

and plaintiff did not establish that defendant did
any act which increased the existing hazards or
created a new one. Therefore, an analogy of the
public parking area to a public way or sidewalk does
not support plaintiff's position, according to Michi-
gan law.

Advisory decisions of other jurisdictions are also
factually distinguishable from this case. *Abeles v.
The Great Atlantic & Pacific Tea Company* (1964),
244 SC 508 (137 SE2d 604), involved an injury oc-
casioned in the same type of area as involved in the
present matter. However, the tenor of the opinion
implies the land was privately owned by the defend-
ant and, consequently, part of the supermarket prem-
ises. Thus, the case is distinct from the instant situ-
ation involving an injury on publicly-owned land.
The case of *Robertson v. Liggett Drug Company,
Inc.* (1950), 81 Ga App 850 (60 SE2d 268) involved
an intrusion in a sidewalk by a raised iron grate,
placed for the sole benefit of the abutting premises.
The court quoted from 25 Am Jur, Highways, § 365,
for the principle that "an owner or occupant of abut-
ting premises who has a servitude in the sidewalk
or other portion of a public way, for his private
benefit" must exercise due care to maintain the por-
tion affected by the servitude in a safe condition.
Defendant did not have a servitude in the public
parking area for his private benefit, since anyone
could park in the area whether or not he intended to
patronize defendant's grocery store. Therefore, the
*Robertson Case* is also distinguishable and presents
no relevant guidelines. Other authorities surveyed
did not enlarge or extend the theories discussed.

In order to establish the liability of defendant for
plaintiff's injuries, incurred on the abutting publicly
owned land, we find that it was necessary for plain-
tiff, by drawing an analogy to a public way or side-

walk, to prove at a minimum that in some manner defendant (1) increased the hazards in the parking area which existed at the time of the injury, or (2) created new hazards on the land strip, or (3) had a servitude for his private benefit in the parking area, by a physical intrusion of his premises or otherwise, the enjoyment of which affected the area's safety and thus imposed a duty on defendant to maintain the area in a reasonably safe condition. Since plaintiff failed to submit sufficient proof of any of the three conditions offered as an individual basis for arguable liability, we find that defendant had no duty to alter a hazardous condition in the publicly owned parking area.

The judgment of the circuit court is affirmed. Costs to defendant.

All concurred.