MILLS *v.* A. B. DICK COMPANY

1. NEGLIGENCE—OCCUPIER OF LAND—REASONABLY SAFE PREMISES—DUTY OF CARE.

    A possessor of land is under an affirmative duty to his invitee to exercise due care to make the premises reasonably safe for the invitee's use.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence § 9.
[2] 38 Am Jur, Negligence § 330.
[3–6] 38 Am Jur, Negligence § 344 *et seq.*

2. NEGLIGENCE—ORDINANCE—VIOLATION—EVIDENCE OF NEGLIGENCE.
   The violation of an ordinance, as distinguished from violation of a statute, is not negligence *per se* but is evidence of negligence.

3. NEGLIGENCE—ORDINANCE—VIOLATION—QUESTION OF FACT.
   Whether defendants who in violation of ordinance did not have handrails installed on their stairs were negligent in failing to conform to the standard of care required by the ordinance was a question of fact for the jury.

4. NEGLIGENCE—OCCUPIER OF LAND—REASONABLY SAFE PREMISES—QUESTION OF FACT.
   The defendant land occupier's failure to install a handrail on the open side of a staircase consisting of four or five steps, connecting the ground level of an inside garage with a truck loading platform, raises a jury question whether defendant was negligent because a handrail was necessary to make the premises reasonably safe for use of the plaintiff-invitee.

5. NEGLIGENCE—CAUSATION—QUESTION OF FACT.
   Once the jury had determined the absence of handrails on the defendant land occupier's stairway was negligence, it was a question for the jury whether there was causal relationship between the absence of the railing and the plaintiff's injuries because the plaintiff might have saved himself from injury if the handrail had been present; plaintiff did not have the burden of establishing through independent evidence that he assuredly would have grasped the railing and checked his fall.

6. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — KNOWLEDGE OF DEFECT — QUESTION OF FACT.
   Plaintiff invitee's use of a staircase which he knew from prior use was without handrails is not contributory negligence as a matter of law, but creates a question for the jury whether plaintiff's use was unreasonable.

Appeal from Oakland, Clark J. Adams, J.   Submitted Division 2 April 14, 1970, at Detroit. (Docket No. 7,452.)   Decided August 25, 1970.

Complaint by Sidney Mills and Sylvia Mills against A. B. Dick Company, A. B. Dick Company

of Detroit, Inc., and Continental Assurance Company for damages for a fall from a staircase. Directed verdict for defendants. Plaintiffs appeal. Reversed and remanded.

*Karbel, Eiges, Rothstein & Karbel,* for plaintiffs.

*Kelly & Tatham,* for defendants.

Before: T. M. Burns, P. J., and Levin and Davidson,* JJ.

Levin, J. Sidney Mills slipped and fell on a staircase on premises leased by A. B. Dick Company of Detroit, Inc., a wholly-owned subsidiary of A. B. Dick Company, from Continental Assurance Company. He and his wife, Sylvia, commenced this action against the companies named to recover compensation for their damages. At the conclusion of their proofs,[1] the judge directed a verdict for the defendant companies on the grounds that the Mills had neither shown any negligence on the part of the defendants nor that there was a causal relationship between the claimed defect—absence of handrails on the staircase—and Sidney Mills' injuries. We reverse.

Mr. Mills owned and operated a small cartage and delivery business. He had been making deliveries to customers of defendant A. B. Dick Company of Detroit, Inc. for a number of years before the accident and, on the date he was injured, was on the Dick Company premises in connection with that business. He was, thus, on the premises as an invitee.

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] The plaintiffs had not introduced their proofs of damages. By agreement this was to be deferred until the defendants moved for a directed verdict on liability.

A possessor of land is not an insurer of an invitee's safety, but he is under an affirmative duty to exercise due care to make the premises reasonably safe for the invitee's use.[2]

The staircase consisted of four or five steps and connected the ground level of an inside garage with a truck loading platform. There is a wall on one side of the staircase, but the other side is open. There is no handrail on either side. While ascending the staircase, Mills lost his footing due to some unknown cause and fell off the open side of the staircase. He hit the concrete pavement below and sustained physical injury.

The defendants correctly assert that a landowner is not liable for an unexplained fall, even to an invitee,[3] but it does not follow from the fact that the surface of the stairs was not shown to have been defective that the Mills cannot recover. If, as they contend, the staircase is defective unless hand-

---

[2] See *Shorkey* v. *Great Atlantic & Pacific Tea Co.* (1932), 259 Mich 450, 452; *White* v. *Herpolsheimer Company* (1950), 327 Mich 462, 469; 2 Harper & James, Law of Torts, § 27.12, pp 1487, 1488.

That the plaintiff Sidney Mills was an invitee, see 2 Restatement Torts, 2d, § 332, comment e, p 179, and cases cited in 2 Restatement Torts, 2d, Appendix (1965), § 332, p 91; Prosser, Law of Torts (3rd ed), § 61, p 395; 2 Harper & James, Law of Torts, § 27.12, p 1481.

For cases applying the general standard of care applicable to customers of the landowner to invitees like the plaintiff Mills, see *Fries* v. *Merkley* (1967), 7 Mich App 177, 180, 181 (deliveryman); *Dobbek* v. *Herman Gundlach, Inc.* (1968), 13 Mich App 549, 555 (pipefitter); *Pelton* v. *Schmidt* (1895), 104 Mich 345, 349 (deliveryman); *McIntyre* v. *Pfaudler Vacuum Fermentation Co.* (1903), 133 Mich 552, 554 (truck driver); *Perl* v. *Cohodas, Peterson, Paoli, Nast Co.* (1940), 295 Mich 325, 330 (railroad employee on user's premises); cf. *Boylen* v. *Berkey & Gay Furniture Co.* (1932), 260 Mich 211 (switchman).

[3] See *Davis* v. *Buss Machine Works* (1912), 169 Mich 498, 500; *Zeglowski* v. *Polish Army Veterans Association of Michigan, Inc.* (1961), 363 Mich 583; *Bisceglia* v. *Cunningham Drug Stores* (1957), 350 Mich 159; *Yearsley* v. *City Bank* (1960), 361 Mich 574. Cf. *Torma* v. *Montgomery Ward & Company* (1953), 336 Mich 468, 477; *Coleman* v. *Washington Theatre Co.* (1940), 294 Mich 343; *Sparks* v. *Luplow* (1963), 372 Mich 198, 202, 203.

rails are provided, the defendants may yet be subject to liability.

The premises are located in the City of Detroit which, the defendants concede, by ordinance requires the installation of handrails on such a staircase.[4] The violation of an ordinance is not, as distinguished from violation of a statute, negligence *per se*. It is, however, evidence of negligence.[5] Railings are required for the protection of persons who accidentally lose their balance, including those who lose their balance through no fault of the landowner. The jury should have been permitted to determine whether defendants were negligent in failing to have conformed to the standard of care required by the ordinance.[6]

Moreover, apart from the ordinance, we think the Mills were entitled to have their case submitted to the jury under an instruction that if it finds the installation of a handrail on the open side of the staircase was necessary to make the premises reasonably safe for use by one, who, like Sidney Mills, was invited to come on the premises, on that ground as well it could find that the failure to have provided this safeguard was negligence.[7]

---

[4] City of Detroit, building code of 1936, § 401.1; building code of 1956, § 618.5.

[5] As to ordinances, see *Hodgdon* v. *Barr* (1952), 334 Mich 60, 71; *Rotter* v. *Detroit United Railway* (1919), 205 Mich 212, 231; *Banzhof* v. *Roche* (1924), 228 Mich 36; *Tucker* v. *Gillette* (1967), 6 Mich App 210, 215.

As to statutes, see *Hardaway* v. *Consolidated Paper Company* (1962), 366 Mich 190, 196; *Holmes* v. *Merson* (1938), 285 Mich 136, 139. See, also, *Douglas* v. *Edgewater Park Company* (1963), 369 Mich 320 (*per* OTIS SMITH, J., three other justices concurring), refusing to extend the doctrine that violation of a statute is negligence *per se* to a violation of an administrative rule or regulation promulgated under a statute and holding that such a violation is evidence of negligence; similarly, *Juidici* v. *Forsyth Township* (1964), 373 Mich 81.

[6] See *Juidici* v. *Forsyth Township, supra,* and the ordinance cases cited in footnote 5.

[7] See *Branch* v. *Klatt* (1912), 173 Mich 31, 40; Renfro Drug Co.

If the jury find that the failure to have provided handrails was negligence, it could also find from the evidence presented that there was a causal relationship between the absence of the railing and Sidney Mills' injuries.[8]   He testified that he fell to the right over the unprotected side of the staircase. Had a railing been installed he might well have saved himself from injury.

"Thus where it appears *how* an accident happened and also that the victim might have saved himself by taking advantage of a precaution which it has been shown defendant negligently failed to afford, courts have generally let a jury find the failure caused the harm, though it is often a pretty speculative matter whether the precaution would in fact have saved the victim."   2 Harper & James, The Law of Torts, § 20.2, p 1113.   (Emphasis by authors.)

---

v. *Jackson* (Tex Civ App, 1935), 81 SW2d 101, 102, 103.  *Cf. Barakos* v. *Sponduris* (1958), 64 NM 125 (325 P2d 712, 715).

See, also, *Ackerberg* v. *Muskegon Osteopathic Hospital* (1962), 366 Mich 596, where the Michigan Supreme Court declared that it was a jury question whether a hospital was negligent in failing to construct a guardrail on its emergency entrance platform.

In the earlier case of *Zeglowski* v. *Polish Army Veterans Association of Michigan, Inc.* (1961), 363 Mich 583, relied on by the defendants, the Court did not address itself to the plaintiff's allegation in his *declaration* that the defendant was negligent in failing to provide a handrail. This is understandable since the plaintiff in that case did not argue in his brief filed with the Supreme Court that a finding of negligence could have been predicated on the absence of a handrail. See Court Rule No 67 (1945), § 1; GCR 1963, 813.1, 854; *Bostrom* v. *Jennings* (1949), 326 Mich 146, 156, 157; *Chapman* v. *Buder* (1968), 14 Mich App 13, 20.

Compare *Mullins* v. *Wayne County* (1969), 16 Mich App 365, 376, where we held that a jury "may find negligence for failure of the road authority to provide railings or barriers needed to keep the road reasonably safe and convenient for public travel," citing a number of decisions of the Michigan Supreme Court.

[8] It is, of course, true that defendants' violation of the ordinance would not subject them to liability to the plaintiff unless there was a causal relationship between that violation and the plaintiff's damages. See *Weber* v. *Beeson* (1917), 197 Mich 607, 610; *Stangeis* v. *Pontiac, Oxford & Northern Railroad Co.* (1934), 266 Mich 224, 228, 229.

The Michigan Supreme Court associated itself with this view in *Davis* v. *Buss Machine Works* (1913), 175 Mich 61, 73, a case where the defendant failed to provide handrails in accordance with a statutory requirement:

"Neither can we say that the cause of the injury was not the failure to provide a railing. Had there been a railing present plaintiff perhaps might have saved himself from injury even while falling. This was for the jury to say under the evidence."[9]

In *Zinnel* v. *United States Shipping Board Emergency Fleet Corporation* (CA 2, 1925), 10 F2d 47, the issue was whether a missing guard rope would have prevented the plaintiff's intestate from being washed overboard. The United States Court of Appeals for the Second Circuit, in reversing a judgment dismissing the complaint, declared (p 49):

"There of course remains the question whether they [the jury] might have also said that the fault caused the loss. About that we agree no certain conclusion was possible. Nobody could, in the nature of things, be sure that the intestate would have seized the rope, or, if he had not, that it would have stopped his body. But we are not dealing with a criminal case, nor are we justified, where certainty is impossible, in insisting upon it. We cannot say that there was no likelihood that a rope three feet above the deck made by the timber would not have saved the seaman. In this connection we note that

9 *Cf. Juidici* v. *Forsyth Township, supra,* p 84; *Barakos* v. *Spondaris, supra; American Nat. Bank* v. *Wolfe* (1938), 22 Tenn App 642 (125 SW2d 193, 197); *Doran* v. *Boston Store of Chicago* (1940), 307 Ill App 456 (30 NE2d 778, 781).

*Cf.,* also *Barringer* v. *Arnold* (1960), 358 Mich 594, 599; *Brackins* v. *Olympia, Inc.* (1946), 316 Mich 275, 279, *et seq.*; *Gage* v. *The Pontiac, Oxford & Northern Railroad Co.* (1895), 105 Mich 335, 341, *et seq.*

The statement in *Zeglowski* that there was no proof of causal relationship must be read in the light of the holding in that case that as a matter of law there was no negligence.

the ship did not take aboard green water, but that the bluff of the bow broke the force of the sea shipped, which, when it reached the deck load, was made up of white water, and was not big enough to lift a man's body. Considering that such lines were run for the express purpose, among others, of protecting seamen, we think it is a question about which reasonable men might at least differ whether the intestate would not have been saved, had it been there."

So too here, Sidney Mills did not have the burden of establishing through independent evidence that he would assuredly have grasped the railing and checked his fall.

In *Davis* our Supreme Court also rejected the alternative argument advanced in this case by the defendants, namely that Sidney Mills was contributorily negligent as a matter of law in using the staircase because he had used it many times before and knew that it was not provided with handrails (p 73):

"Plaintiff had used the stairway or ladder for a number of months without injury, and was aware of its condition; but it does not follow that that fact would make its continued use contributory negligence, as matter of law."

In *Pollack* v. *Oak Office Building* (1967), 7 Mich App 173, 186, we said:

"The applicable rule as to danger encountered in the exercise of a right or privilege is found in 2 Restatement (2d), Torts, § 473, p 523: 'If the defendant's negligence has made the plaintiff's exercise of a right or privilege impossible unless he exposes himself to a risk of bodily harm, the plaintiff is not guilty of contributory negligence in so doing unless he acts unreasonably.' "

The jury could properly find that Mills did not act unreasonably in continuing to use the staircase even though he knew it did not have a handrail.[10]

Reversed and remanded for a new trial. Costs to plaintiffs.

All concurred.

---

[10] See *Uren* v. *Toth* (1966), 5 Mich App 170, 173; *cf. Pigg* v. *Bloom* (1970), 22 Mich App 325, 336.