## JOHNSON v DAVIS

Docket No. 84386. Submitted May 14, 1986, at Detroit. Decided July 24, 1986.

Erma Johnson, temporary personal representative of the estate of Samuel D. Johnson, deceased, and Theresa Reynolds, individually and as personal representative of the estate of Karesha Reynolds, deceased, brought an action for damages in Wayne Circuit Court against Michael and Fleeta Davis and S. R. Van Reken, individually and doing business as Van Reken Real Estate. Plaintiffs alleged that the deaths of the decedents and the extensive injuries to Theresa Reynolds were proximately caused by the failure of defendants to equip the house in which decedents and plaintiff Reynolds were living with smoke detection devices and suitable fire extinguishing equipment. Samuel Johnson and Theresa Reynolds had rented the residence at which the fire giving rise to the injuries occurred from defendant Van Reken in March, 1980. Van Reken had purchased the subject property from the Davises by warranty deed in July, 1979, and took total possessory interest in the property in September, 1979. The Davises moved for summary judgment. The trial court, Thomas J. Foley, J., granted the motion for summary judgment. Plaintiffs appealed.

The Court of Appeals *held:*

1. While the trial court decided the motion for summary judgment under the wrong portion of the summary judgment court rule, the trial court's order will be reviewed as if it had been granted under the correct subsection, since all of the material facts necessary to decide the motion are ascertainable from the record and are not in serious dispute.

2. Since at the time of the fire the Davises had surrendered title, possession and control to the subject property and the failure to have a smoke detector installed was not a concealed dangerous condition of the land which the purchaser could not

REFERENCES

Am Jur 2d, Vendor and Purchaser §§ 316 *et seq.*

Liability of vendor or grantor of real estate for personal injury to purchaser or third person due to defective condition of premises. 48 ALR3d 1027.

with reasonable diligence have discovered, there existed no common-law duty of care running from the Davises to the plaintiffs to maintain the premises in reasonable repair.

3. The failure of the Davises to comply with the city ordinance with respect to the existence of a smoke detector prior to the sale of the property to Van Reken did not create a duty of care running from the Davises in favor of plaintiffs.

Affirmed.

1. VENDOR AND PURCHASER — DEFECTS IN PROPERTY — LIABILITY — DUTY — SMOKE DETECTORS.

A vendor of land who has surrendered title, possession and control of the property to the vendee is not liable at common law for any injury to a subsequent lessee which might have been proximately caused by the failure to have installed a smoke detector, since the lack of a smoke detector is not a concealed dangerous condition of the land which the purchaser could not have discovered and the original vendor, having neither possession nor control over the property, had no duty of care running to the lessee of the vendee to maintain the premises in reasonable repair.

2. VENDOR AND PURCHASER — ORDINANCES — SMOKE DETECTORS — LIABILITY — DUTY.

The failure of a vendor of residential property to comply with a city ordinance requiring city certification of compliance with an ordinance provision mandating the installation of a smoke detector before the sale of the property does not result in liability for any injuries which may have been proximately caused by the lack of a smoke detector to a person who subsequently leased the property from the vendee, since no legal duty ran from the vendor to the lessee of the vendee.

*Moore & Richard* (by *Jerome A. Moore*), for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Stanley A. Prokop* and *Deanna E. Hazen*), for defendants.

Before: HOOD, P.J., and WAHLS and P. C. EL-LIOTT,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam. Plaintiffs appeal as of right from a circuit court order granting the motion for summary judgment brought by defendants Michael and Fleeta Davis. The case arises from a complaint filed by plaintiffs against the Davises and S. R. Van Reken, individually and doing business as Van Reken Real Estate, which alleges that Van Reken rented to Samuel D. Johnson and Theresa Reynolds a residence located in the City of Detroit and that Van Reken and the Davises were negligent in failing to equip the premises with smoke detecting devices and suitable fire extinguishing equipment. On May 2, 1980, the residence was firebombed, causing fatal injuries to Samuel Johnson and Karesha Reynolds and extensive injuries to Theresa Reynolds.

Michael and Fleeta Davis are the former owners of the real estate. On July 24, 1979, they executed a warranty deed, transferring all ownership interest in the property to defendant S. R. Van Reken. Michael and Fleeta Davis moved out of the residence, and Van Reken had total possessory interest in the property as of September 9, 1979. Apparently, defendant Van Reken worked on the house and thereafter rented it to Samuel Johnson and Theresa Reynolds on March 26, 1980, pursuant to a lease by month-to-month. At the time of the fire on May 2, 1980, the lease was in effect.

The Davises filed a motion for summary judgment alleging that, since there was no issue of material fact as to their ownership interest in the property, they were entitled to summary judgment as a matter of law. At the hearing on the motion, the Davises argued that, since they were not in possession or control of the property, they owed no duty to plaintiffs with regard to the alleged injuries sustained as a result of the fire. However, plaintiffs argued that this situation fit within the

vendor/purchaser concealed defective condition exception enunciated in *Christy v Prestige Builders, Inc,* 415 Mich 684; 329 NW2d 748 (1982), and the landlord/tenant contractual obligation exception set forth in *Mobil Oil Corp v Thorn,* 401 Mich 306; 258 NW2d 30 (1977), or in the alternative, that a duty existed under a City of Detroit municipal ordinance. The trial court granted the motion for summary judgment, ruling that, once the Davises transferred control, possession and title, their responsibility terminated. We affirm.

It appears that the circuit court determined that summary judgment was appropriate pursuant to GCR 1963, 117.2(1), now MCR 2.116(C)(8); however, if the circuit court went outside the pleadings in granting summary judgment, the appropriate test is whether there is any genuine issue of material fact pursuant to GCR 117.2(3), now MCR 2.116(C)(10). Even if the trial court granted summary judgment under the wrong court rule, where all of the material facts needed to decide the motion are ascertainable from the record and are not in dispute, the order may be reviewed as though it had been granted under the correct rule. *Lawrence v Dep't of Treasury,* 140 Mich App 490; 364 NW2d 733 (1985).

In this appeal, plaintiffs discuss the exceptions to the rule that one not in possession or control of the premises has no duty to exercise care for the safety of the occupants which were set forth in *Christy, supra,* and in *Mobil Oil, supra.* Plaintiffs do not argue that these cases are directly applicable to the instant facts, but seek to carve a new exception based upon the City of Detroit ordinances.

At common law, negligence liability for injury due to defective premises is conditioned both upon possession and upon control of the land, since the

person "in possession is in a position of control, and normally best able to prevent any harm to others." *Merritt v Nickelson*, 407 Mich 544, 552; 287 NW2d 178 (1980); Prosser, Torts (4th ed), § 57, p 351. Ownership alone is not dispositive of liability based on defective premises. 407 Mich 552. It is the unity of possession and control that is dispositive. 407 Mich 553. See also, *Thomas v Nicholson*, 84 Mich App 538, 542-543; 269 NW2d 665 (1978), lv den 405 Mich 819 (1979).

However, in *Christy, supra,* the Supreme Court held that a vendor has a duty to disclose any concealed condition known to him which involves an unreasonable danger and that the vendor is liable to those using the land until the purchaser discovers or should have discovered the dangerous condition. Once the purchaser discovers the defect and has had a reasonable opportunity to take precautions, third parties such as subvendees have no further recourse against the vendor. 415 Mich 694-695. Prior to *Christy,* in *Mobil Oil Corp, supra,* the Supreme Court held that an exception to the no-possession—no-control principle existed when a lessor of land or one in privity to the lessee makes negligent repairs or fails to perform under a covenant to repair. 401 Mich 311-312.

Applying these exceptions to the instant case, the alleged failure of the Davises to install smoke detectors is not a concealed dangerous condition on the land that the purchaser could not have discovered. Nor were the Davises lessors of the property to plaintiffs or under the contractual duty to maintain the premises in a reasonably safe condition. Any duty to maintain the premises in a reasonably safe condition was upon the lessor. As negligence liability for injury due to defective premises is generally based on possession and control over the land, and none of the above

exceptions apply here, the question becomes whether this Court will recognize the existence of a duty under the city ordinance.

City of Detroit ordinances require the issuance of a certificate of approval from the Department of Buildings and Safety Engineering certifying compliance with City of Detroit Code, §§ 23-15-2, 23-9-2, which mandate the installation of smoke detectors prior to the sale or transfer of residential units. This certificate is to be tendered to the purchaser or transferee at the time of sale or transfer of the dwelling. See City of Detroit Code, §§ 12-7-2, 12-7-4. Plaintiffs contend that violation by the Davises of these ordinances renders them liable to the plaintiffs.

The question is whether the Davises owed a duty to the plaintiffs to comply with these city ordinances. The trial judge recognized that the Davises had a responsibility under the ordinances and that the violation of a city ordinance is evidence of negligence. However, the trial judge did not believe that the ordinance could create a duty once title and control of the property was transferred, stating that "there isn't any way that Davis [sic] could have complied with that ordinance after that."

We agree that, as a threshold matter, a duty must exist before a negligence analysis goes any further. *Moning v Alfono,* 404 Mich 425; 254 NW2d 759 (1977); *Romeo v Van Otterloo,* 117 Mich App 333; 323 NW2d 693 (1982), lv den 417 Mich 1004 (1983); *Cook v Bennett,* 94 Mich App 93; 288 NW2d 609 (1979). Thus, while the Davises may have violated city ordinances and may be liable to the city for any violations, there is no duty imposed by statute or under common law which would render them liable to plaintiffs, since a predecessor in title is not liable for injury due to

defective premises. *Merritt, supra; Christy, supra; Thone, supra.* Because we find no duty, plaintiffs' reliance upon this Court's decisions in *Mills v A B Dick Co,* 26 Mich App 164; 182 NW2d 79 (1970), *Raatikka v Jones,* 81 Mich App 428; 265 NW2d 360 (1978), and *Crawford v Palomar,* 7 Mich App 21; 151 NW2d 236 (1967), to support their claim that violation of a city ordinance is sufficient to present a jury question of liability is misplaced.

The *Mills* Court found that the absence of a handrail on a staircase in violation of a city ordinance was evidence of negligence that presented a jury submissible question as to liability for a business invitee's injuries. However, defendants in that case were the lessor and lessee of the building. Similarly, in *Raatikka, supra,* the defendant was a landlord, not, as here, a predecessor in title. Likewise in *Crawford, supra,* the Court found that the defendant landlord had a statutory duty to repair where a tenant's guests were injured. It is the party in possession or control of the property who has the legal duty to maintain the premises in a safe condition, since he is clearly in a better position to do so than a predecessor in title.

Since the trial court correctly found that no duty was owed by the Davises, the question of whether plaintiffs' injuries would have been prevented by the installation of smoke detectors need not be considered. The trial court properly determined that, since as a matter of law no duty existed on behalf of the Davises, plaintiffs failed to state a claim upon which relief could be granted. The trial court's grant of summary judgment was proper.

Affirmed.