STEVENS v DREKICH

Docket No. 93136. Submitted October 8, 1987, at Detroit. Decided March 15, 1989.

Michael P. Stevens, a minor who was riding as passenger on a motorcycle, was injured when the motorcycle operator failed to yield the right-of-way at an intersection and collided with a vehicle which had the right-of-way. There was a yield sign intended for motorists traveling in the direction the motorcycle had been going, but the motorcycle operator contended that he did not see the sign until it was too late to stop because the sign was obscured by a tree in the berm, the area between the curb and sidewalk. The tree was in the berm in front of the home of Daniel G. and Janet Drekich. Michael P. Stevens, by his next friend, Gail R. Stevens, and Gail R. Stevens and Scot Stevens, individually, filed suit against the Drekiches (defendants) and others in Wayne Circuit Court seeking damages for the personal injuries sustained by Michael P. Stevens. Defendants moved for summary disposition, averring that, while the tree in question was located where plaintiffs claimed, the tree had been in existence at the time they purchased the property and that they had not planted, fertilized, or otherwise cared for the tree. These averments were uncontested. The court, William Leo Cahalan, J., granted defendants' motion for summary disposition, ruling that defendants had no duty to take precautions so that a tree located in the grassy area between the street curb and the sidewalk would not obstruct a motorists' view of a yield sign. Plaintiffs appealed.

The Court of Appeals *held:*

1. The tree in question was located in a public right-of-way abutting defendants' home. Because the tree was in a public right-of-way, liability may not be imposed upon defendants. Whatever residual rights to a public right-of-way are retained by an adjacent landowner, they are not possessory in nature, thus precluding plaintiffs' cause of action against defendants.

2. Tort liability may not be predicated upon negligent con-

REFERENCES

Am Jur 2d, Negligence § 798; Premises Liability §§ 5-13.

See the Index to Annotations under Negligence; Premises Liability; Trees and Shrubbery.

duct independent of that addressed by a premises liability theory since defendants took no affirmative acts with respect to the planting or maintenance of the tree.

3. The absence of any right of possession on the part of defendants to the berm area defeats liability predicated upon a nuisance theory.

4. Liability for negligence may not be predicated upon defendants' breaches of duties set forth in various provisions of the ordinances of the City of Detroit. If no duty is owed by the defendant to the plaintiff, an ordinance violation committed by the defendant is not actionable as negligence.

5. There is no demonstrated genuine issue of fact as to the ownership and right of possession regarding the berm. Defendants are entitled to judgment as a matter of law. Summary disposition was properly granted.

Affirmed.

SHEPHERD, J., concurred but wrote separately to point out that liability cannot be predicated on violation of the Detroit City Ordinances since the berm in question is not owned by defendants.

1. NEGLIGENCE — PREMISES LIABILITY.

The right to recover for a condition or defect of land or for an activity conducted on the land requires that the defendant have legal possession and control of the premises; the defendant's duty ends at the boundary of his premises.

2. NEGLIGENCE — LIABILITY OF PROPERTY OWNERS — ADJACENT PROPERTIES.

A landowner may be liable for conditions in an adjacent area if he has physically intruded into the area or has committed some act which increased the existing hazards or created new hazards, the underlying premise being that the landowner has exercised control over land beyond his boundaries.

3. NUISANCE — TORTS.

Nuisance liability is predicated upon a dangerous, offensive, or hazardous condition in the land or an activity of similar characteristics conducted on the land and requires that the defendant liable for the nuisance have possession or control of the land.

4. NEGLIGENCE — EVIDENCE — VIOLATION OF ORDINANCES.

Violation of an ordinance is not negligence per se, but only evidence of negligence.

5. NEGLIGENCE — VIOLATION OF ORDINANCES.

> If no duty is owed by the defendant to the plaintiff, an ordinance violation committed by the defendant is not actionable as negligence.

*Johnson, Shefferly, McCarroll & Moesta, P.C.* (by *Francis A. McCarroll*), for plaintiffs.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for defendants.

Before: HOLBROOK, JR., P.J., and SHEPHERD and D. L. SULLIVAN,* JJ.

PER CURIAM. In this action for personal injuries sustained in a vehicular accident, the circuit court ruled that defendants Daniel G. and Janet Drekich, the owners of land situated adjacent to the scene of the accident giving rise to this suit, had no duty to take precautions so that a tree located in the grassy area between the street curb and the sidewalk, or the berm, would not obstruct a motorist's view of a yield sign. We affirm summary disposition in favor of defendants.

In their complaint, plaintiffs alleged that Michael P. Stevens, the minor on whose behalf suit was brought, was a passenger of a motorcycle that collided with a vehicle at or near the intersection of Windsor and Berkshire Road in the City of Detroit on June 2, 1984. In Count III, liability against the Drekich defendants[1] was premised upon their alleged conduct in "planting, growing, maintaining, and allowing to exist on [their] property," "a tree to grow so that it effectively blocked, hid, partially hid, or otherwise obstructed the view

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Although other parties were named as defendants in the complaint, their interests are not raised in this appeal. For the sake of convenience, all subsequent references to defendants refer only to the Drekiches.

of travellers *[sic]* on eastbound Windsor to see that there was a 'yield' sign at their intersection."

By affidavit, defendants established that the berm was six feet in width, measured from the curb to the sidewalk. The tree was situated about four feet from the curb and about two feet from the sidewalk. The street itself was thirty feet in width. The Drekiches averred that they had resided there since December 15, 1981, that the trees in the berm were present at the time that they assumed residence, and that they had not planted, fertilized, or otherwise cared for the trees. These averments were uncontroverted.

Under the principles of premises liability, the right to recover for a condition or defect of land or for an activity conducted on the land requires that the defendant have legal possession and control of the premises. The defendant's duty ends at the boundary of his premises. *Rodriguez v Detroit Sportsmen's Congress,* 159 Mich App 265; 406 NW2d 207 (1987), lv den 428 Mich 905 (1987); *Swartz v Huffmaster Alarms Systems, Inc,* 145 Mich App 431, 437; 377 NW2d 393 (1985). Cf. *Langen v Rushton,* 138 Mich App 672; 360 NW2d 270 (1984), lv den 422 Mich 967 (1985). In keeping with this principle, defendants contend that liability may not be imposed upon them because the tree allegedly causing the accident was located in a public right-of-way abutting their home. We agree. The right-of-way in favor of the public resulting from the establishment of a public highway is presumed to be sixty-six feet in width. *Eyde Brothers Development Co v Eaton County Drain Comm'r,* 427 Mich 271, 297-299; 398 NW2d 297 (1986); *Rigoni v Michigan Power Co,* 131 Mich App 336, 343-348; 345 NW2d 918 (1984), MCL 221.20; MSA 9.21. Given that the tree was located about nineteen feet from the center of Windsor, it

clearly fell within the sixty-six-foot width. Plaintiffs concede the location of the tree within a right-of-way, but argue that defendants retain sufficient reversionary and incidental property rights to the berm to render them responsible under the principles of premises liability. We conclude that, whatever residual rights to a public right-of-way are retained by an adjacent landowner, they are not possessory in nature, thus precluding plaintiffs' cause of action against defendants. See *Berman v LaRose,* 16 Mich App 55; 167 NW2d 471 (1969). See also *Eyde Brothers Development Co, supra.*

Plaintiffs also argue that, even if the berm was outside the scope of defendants' legal possession, defendants' maintenance of the tree was negligent without reference to premises liability principles. This theory of recovery finds support in *Berman, supra,* p 57, which acknowledged that a landowner may be liable for conditions in an adjacent area if he has physically intruded into the area or has committed some act which increased the existing hazards or created new hazards. The underlying premise is that the defendant has exercised control over land beyond his boundaries. *Rodriguez, supra,* p 271. See also *Hughes v Detroit,* 336 Mich 457, 466-467; 58 NW2d 144 (1953). Since, however, the uncontroverted affidavits here establish that defendants took no affirmative acts with respect to the planting or maintenance of the tree, we conclude that tort liability may not be predicated upon negligent conduct independent of premises liability theory.

Plaintiffs argue that Count III of the complaint states a legally adequate claim based on a nuisance theory. Nuisance liability is predicated upon a dangerous, offensive, or hazardous condition in the land or an activity of similar characteristics conducted on the land. *Buckeye Union Fire Ins Co*

*v Michigan,* 383 Mich 630, 636; 178 NW2d 476 (1970). It requires that the defendant liable for the nuisance have possession or control of the land. *Attorney General v Ankersen,* 148 Mich App 524, 560; 385 NW2d 658 (1986). Thus, the absence of any right of possession on the part of defendants to the berm area defeats liability predicated upon nuisance theory.

Plaintiffs argue that liability for negligence may be predicated on defendants' breaches of duties set forth in various provisions of the Detroit ordinances. We disagree. Violation of an ordinance is not negligence per se, but only evidence of negligence. *Mills v A B Dick Co,* 26 Mich App 164, 168; 182 NW2d 79 (1970). If no duty is owed by the defendant to the plaintiff, an ordinance violation committed by the defendant is not actionable as negligence. *Johnson v Davis,* 156 Mich App 550, 555-556; 402 NW2d 486 (1986).

For the reasons stated, we conclude that there is no demonstrated genuine issue of fact as to the ownership and right of possession regarding the berm and that defendants are entitled to judgment as to Count III as a matter of law. Therefore, summary disposition pursuant to MCR 2.116(C)(10) was proper. See *Morganroth v Whitall,* 161 Mich App 785, 788-789; 411 NW2d 859 (1987).

Affirmed.


SHEPHERD, J. *(concurring).* I concur in the result. The only city ordinance that could possibly apply is Chapter 57-2-1, which provides as follows:

> All bushes, shrubs or plants, located on any corner lot within the City that obstruct the view of a driver of a vehicle approaching a street intersection shall not be permitted to grow to a height of more than 3 feet above the surface of the roadway.

This ordinance can only apply to the portion of a corner lot owned by a defendant. In the instant case the tree in question was located on the berm which, as indicated in the majority opinion, is not owned by the defendants and they did not have control over the height of the tree. Accordingly there can be no recovery against the land owners.