BROCHERT v SUNSET SHORES CONDOMINIUMS

Docket No. 110228. Submitted July 20, 1989, at Grand Rapids. Decided August 29, 1989.

Sunset Shores Condominiums and others, collectively the tenants of Margaret L. Brochert pursuant to a written lease agreement, fell in arrears on their rent payments. Brochert served her tenants with a notice to quit and complaint for termination of the tenancy. The 90th District Court granted Brochert a judgment for possession and the amount of unpaid rent. Brochert subsequently brought an action in the Emmet Circuit Court seeking rent due for the remainder of the lease term. The trial court, Richard M. Pajtas, J., granted summary disposition in favor of defendants, declaring the lease void in view of the summary proceedings in district court. Plaintiff appealed.

The Court of Appeals *held:*

Plaintiff's service upon defendants of the notice to quit and the complaint for termination of tenancy did not constitute notice to terminate the lease under the termination provisions specified in the lease agreement. Instead, defendants' default triggered plaintiff's rights pursuant to MCL 600.5701 *et seq.;* MSA 27A.5701 *et seq.,* not only to recover the premises under MCL 600.5714; MSA 27A.5714 and the default provisions of the lease agreement, but also to seek any other lawful remedy, e.g., recovery of rent for the remainder of the lease after eviction under MCL 600.5750; MSA 27A.5750 and the default provisions of the lease agreement.

Reversed.

Landlord and Tenant — Summary Proceedings to Recover Possession of Premises.

The remedy provided by summary proceedings to recover the possession of leased premises is in addition to, and not exclusive of, other remedies either legal, equitable or statutory; thus, a landlord who has regained possession of the premises follow-

References

Am Jur 2d, Landlord and Tenant §§ 1227-1230.

See the Index to Annotations under Landlord and Tenant; Rent; Summary Proceedings.

ing summary proceedings can bring an action for the recovery of rent due for the remainder of the lease term provided under written agreement where the agreement states that such repossession shall not constitute forfeiture or termination of the obligation of the tenant to pay rent (MCL 600.5750; MSA 27A.5750).

*Brochert & Ward* (by *David S. Anderson*), for plaintiff.

*Marco, Litzenburger, Smith, Brown & Erhart, P.C.* (by *Wayne Richard Smith*), for defendants.

Before: DANHOF, C.J., and CYNAR and WEAVER, JJ.

PER CURIAM. Plaintiff appeals as of right from a circuit court order which granted summary disposition in favor of defendants pursuant to MCR 2.116(C)(8). We reverse.

Plaintiff argues that, in addition to payment of back rent, she should be able to recover rent due for the remaining lease term after defendants were evicted and plaintiff recovered possession of the premises. We agree. Upon a review of the record and giving the benefit of reasonable doubt to plaintiff as the opposing party, we are not satisfied that it would have been impossible for plaintiff's claim to be supported at trial due to a deficiency which cannot be overcome. *Metropolitan Life Ins Co v Reist,* 167 Mich App 112, 118; 421 NW2d 592 (1988).[1]

---

[1] The trial court granted summary disposition to defendants under the wrong court rule, MCR 2.116(C)(8), failure to state a claim upon which relief can be granted. Because the trial court clearly relied on evidence outside the pleadings, the proper rule under which to grant summary disposition was MCR 2.116(C)(10)—no genuine issue of material fact and defendants were entitled to judgment as a matter of law. *Johnson v Davis,* 156 Mich App 550, 553; 402 NW2d 486 (1986). Because all material facts are ascertainable from the record and are not in dispute, we review the trial court's order as though it had been granted under the correct rule.

Plaintiff's service upon defendants of the Notice to Quit—Termination of Tenancy, and the Complaint—Termination of Tenancy, did not constitute notice to terminate the lease under the termination option of Paragraph 14 in the lease agreement.[2] Instead, defendants' default triggered plaintiff's rights pursuant to chapter 57 of the Revised Judicature Act, Summary Proceedings to Recover Possession of Premises, MCL 600.5701 *et seq.*; MSA 27A.5701 *et seq.,* not only to recover the premises under MCL 600.5714; MSA 27A.5714 and Paragraph 13 of the lease agreement,[3] but also to seek any other lawful remedy—e.g., recovery of rent for the remainder of the lease after eviction— under MCL 600.5750; MSA 27A.57504[4] and Para-

---

[2] Paragraph 14 of the lease provides:

Option to terminate: The owner shall have the option to terminate and cancel this Lease at any time on thirty (30) days prior written notice to Tenant. Upon said cancellation, Tenant shall have no further liability under this Lease and Tenant shall assign to Owner, and Owner shall assume, all existing subleases, deposits and reservations for the premises and the rent receivable therefrom after the effective date of the termination.

[3] Paragraph 13 of the lease provides:

Default: If Tenant shall default in the payment of rent or any other monies due and payable hereunder, then after notice as required by statute, the owner, or owner's agent, may by any lawful means proceed to recover possession of the premises through the courts of the State of Michigan and remove all persons and property therefrom. Such repossession of the premises shall not constitute forfeiture or termination of the obligations of the Tenant to pay rent hereunder and such remedy shall be in addition to any other remedies available to owner under the laws of the State of Michigan.

[4] MCL 600.5750; MSA 27A.5750 provides:

The remedy provided by summary proceedings is in addition to, and not exclusive of, other remedies, either legal, equitable or statutory. A judgment for possession under this chapter does not merge or bar any other claim for relief, except that a judgment for possession after forfeiture of an executory contract for the purchase of premises shall merge and bar any claim for money payments due or in arrears under the contract at the time of trial and that a judgment for possession after forfeiture of such an executory contract which results in the

graph 13 of the lease agreement.

Accordingly, the trial court erred by declaring the lease void "because of the enforcement action taken." Giving the benefit of all reasonable doubt to plaintiff as the opposing party, there existed a genuine issue of material fact for trial, and defendants were not entitled to judgment as a matter of law. *Metropolitan Life, supra.*

Reversed.

---

issuance of a writ of restitution shall also bar any claim for money payments which would have become due under the contract subsequent to the time of issuance of the writ. The plaintiff obtaining a judgment for possession of any premises under this chapter is entitled to a civil action against the defendant for damages from the time of forcible entry or detainer, or trespass, or of the notice of forfeiture, notice to quit or demand for possession, as the case may be.