| DAVID F. BUSH, | ) | |
|---|---|---|
| | ) | **Williamson County Circuit** |
| Plaintiff/Appellant, | ) | **Case No. 92530** |
| | ) | |
| VS. | ) | |
| | ) | |
| BRENDA L. ALLGOOD and | ) | **Appeal No.** |
| MERCANTILE PROPERTIES, INC.,| ) | **01A01-9605-CV-00207** |
| | ) | |
| Defendant/Appellee. | ) | |

## FILED

**November 1, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

**IN THE COURT OF APPEALS OF TENNESSEE**
**MIDDLE SECTION AT NASHVILLE**

**APPEALED FROM THE CIRCUIT COURT OF**
**WILLIAMSON COUNTY, TENNESSEE**

**HONORABLE HENRY DENMARK BELL, JUDGE**

William B. Bradley
Peach Court Bldg., Suite 210
7105 Peach Court
P.O. Box 1223
Brentwood, Tennessee 37024
ATTORNEY FOR PLAINTIFF/APPELLANT

Thomas I. Carlton, Jr.
Daniel P. Berexa
Cornelius & Collins
Suite 2700
Nashville City Center
511 Union Street
Nashville, Tennessee 37219
ATTORNEY FOR DEFENDANT/APPELLEE

**REVERSED AND REMANDED**

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

SAMUEL L. LEWIS, JUDGE,
BEN H. CANTRELL, JUDGE,

| DAVID F. BUSH, | ) | |
|---|---|---|
| | ) | **Williamson County Circuit** |
| Plaintiff/Appellant, | ) | **Case No. 92530** |
| | ) | |
| VS. | ) | |
| | ) | |
| BRENDA L. ALLGOOD and | ) | **Appeal No.** |
| MERCANTILE PROPERTIES, INC., | ) | **01A01-9605-CV-00207** |
| | ) | |
| Defendant/Appellee. | ) | |

# O P I N I O N

The Trial Court granted summary judgement dismissing one of the defendants, Mercantile Properties, Inc., and ordered entry of final partial judgment pursuant to T.R.C.P. Rule 54.02. Plaintiff has appealed. The remaining defendant, Brenda L. Allgood, is not involved in this appeal.

Plaintiff sued for personal injuries and property damages sustained in the collision of a motorcycle operated by plaintiff and an automobile operated by Brenda L. Allgood.

The collision occurred in Brentwood at the intersection of Chadwick Drive and Centerview Drive, where a stop sign requires vehicles approaching the intersection on Chadwick Drive to stop and yield the right of way to traffic on Centerview Drive. Traveling eastward on Chadwick Drive, plaintiff entered the intersection and was struck by the Allgood vehicle traveling in a southward direction on Centerview Drive.

The defendant appellee, Mercantile Properties, Inc., was the owner of property at the northwest corner of the intersection.

The complaint alleges that before entering the intersection, plaintiff stopped, looked for traffic on Centerview, and saw none because his vision was obstructed by vegetation on the property

of Mercantile; and that he proceeded into Centerview where he was struck by the vehicle operated by Ms. Allgood. The complaint also alleges that appellee negligently maintained its property adjoining the intersection in violation of T.C.A. § 39-17-307 as follows:

> **Obstructing highway or other passageway**. (a) A person commits an offense who, without legal privilege, intentionally, knowingly or recklessly:
>
> (1) Obstructs a highway, street, sidewalk, railway, waterway, elevator, aisle, or hallway to which the public, or a substantial portion of the public, has access; or any other place used for the passage of persons, vehicles or conveyances, whether the obstruction arises from the person's acts alone or from the person's acts and the acts of others; or . . .
>
> (b) For purposes of this section, "obstruct" means to render impassable or to render passage unreasonably inconvenient or <u>potentially injurious to persons or property</u>. (Emphasis added.)

On September 14, 1995, appellee filed a motion for summary judgment. On November 3, 1995, plaintiff filed a response to the motion for summary judgment in which, for the first time, he relied upon Ordinances 12-103 and 11-210 of the City of Brentwood.

The record does not disclose the date of the hearing, but the order granting summary judgment, entered on November 14, 1995, contains a reference to the two city ordinances mentioned in plaintiff's response to the motion for summary judgment.

The evidence includes the following:

The affidavit of the vice mayor of Brentwood asserts that the paved surfaces of Centerview and Chadwick Drives are each in the center of a 60 foot wide dedicated right of way for maintenance of which the city has accepted and exercises responsibility and that at least 10 feet of unpaved right of way exists on each side of both pavements.

The affidavit of Robert P. Murphy, a registered land surveyor and transportation engineer states that he surveyed the scene of the collision, located the edges of the pavement and the edges of the rights of way adjoining appellee's's property and expressed his opinion that any obstruction to plaintiff's vision while he was stopped at the stop sign was located on the public right of way and not the property of appellee.

The affidavit of Doug Jones, landscaper for the defendant-appellee, stated he mowed the property of defendant appellee out to the pavement, but he frequently found it unnecessary to mow a 25 or 30 foot wide strip adjacent to the pavement of Chadwick and Centerview Drive because it had been previously mowed.

The testimony of the defendant, Allgood, was that, as she approached the intersection she was able to see plaintiff "sitting at the white line," that nothing obscured her vision of plaintiff and that she saw him move forward into the intersection, but was unable to avoid the collision, and that there was no obstruction of her vision.

The plaintiff testified that he stopped "behind the stop line" and then moved forward some distance for a better view without entering the pavement of Centerview Drive. He further testified;

Q. What did you do once you stopped that second time where you've marked on Exhibit 17?

A. I looked to the left, looked to the right, back to the left.

Q. And to the left would be North.

A. (Witness nods head in the affirmative.)

Q. When you looked to the left the first time, did you see any vehicles?

A. No.

Q. Then you looked to the right, did you see any vehicles at that time?

A.    How about when you looked to the left again?

Q.    No.

A.    Then you began to proceed out into the intersection.

Q.    Correct.

A.    Did you ever see the vehicle that Ms. Allgood was driving prior to the accident?

Q.    No. The grass was so high I couldn't see anything coming up that way.

A.    So you never saw it before the impact.

Q.    I saw it when I was out in the middle, you know, my bike was halfway across the lane.

On November 14, 1995, the Trial Court entered summary judgment dismissing Mercantile.

On January 5, 1996, plaintiff moved the Trial Court for leave to amend the complaint to allege violations of Ordinances 12-103 and 11-210 of the City of Brentwood.  On January 8, 1996, plaintiff filed the following motion:

### MOTION TO AMEND ORDER OF FINAL JUDGMENT AS TO MERCANTILE PROPERTIES, INC.

Plaintiff moves the Court to amend the Order of Final Judgement as to Mercantile Properties, Inc. To allow for an interlocutory appeal by Plaintiff or, in the alternative, to order that the trial in this case be set following the final disposition of the appeal on the ground that it is in the best interests of all the parties and the Court that all matters be resolved in one trial rather than possibly two trials.

On February 9, 1996, the Trial Court entered the following order:

### ORDER

Plaintiff's Motion to Amend the Complaint and Motion to Amend the Court's Order Granting Summary Judgment to Defendant Mercantile having come on to be heard before the Honorable Henry Denmark Bell, Judge, on the 29th day of January, 1996, and it appearing to the Court from the record and from arguments of counsel that Plaintiff should be allowed to amend the Complaint to conform to the record, that the Order of the Court granting Summary

Judgment to Defendant Mercantile should not be amended.

It is, therefore, **ORDERED** that:

1. Plaintiff's Motion to Amend the Complaint is granted;

2. Plaintiff's Motion to Amend the Summary Judgment granted to Defendant Mercantile is denied.

On appeal, plaintiff presents a single issue as follows:

Do the ordinances of the City of Brentwood, which impose a duty on defendant Mercantile to not obstruct vision or view for the safety of vehicles, apply to that portion of landowner's property subservient to an easement?

The appellee presents an additional issue in the following form:

The Trial Court erred in allowing the post-judgment amendment to the complaint adding allegations that Mercantile had violated City of Brentwood ordinances.

Surprisingly, appellant has not seen fit to reply to the issue stated and argued by appellee.

T.R.C.P. Rule 15.02 provides in pertinent part as follows:

**Amendments to Conform to the Evidence**. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment.

Appellee does not argue that it was denied a fair opportunity to litigate the effect of the ordinance upon the rights of the parties. It appears that the issue of the effects of these ordinances was discussed and decided by the Trial Court, and that appellee was not prejudiced by the belated allowance of the amendment.

The appellant insists that the Trial Court was in error in holding appellee had no duty to

prevent obstruction on the dedicated right way easement.

The summary judgment states:

> Mercantile contends that the right of way for the two roadways was owned by the City of Brentwood and that the right of way for each road is sixty feet wide, that is to say, thirty feet from the center line of each road. The right of way dedicated to the City of Brentwood includes a portion of the field which is located at the northwest corner of the intersection of Centerview Drive and Chadwick Drive and exceeds the right of way a distance in excess of ten feet. The City of Brentwood is responsible for and does maintain and cut the vegetation in these right-of-ways including the portion of the field on the subject northwest corner. (Affidavit of Louis J. Baltz). The weeds blocking the view of the plaintiff were within the right of way dedicated to Brentwood and plaintiff cannot show that weeds beyond the right of way made any difference. All evidence concerns weeds which were in the right of way.

> Defendant Mercantile contends that the evidence does not show a duty owned by Mercantile in connection with the obstructing weeds and also that the presence of the weeds was not a proximate cause of the collision.

> As a answer to this contention, plaintiff exhibits ordinances of the City of Brentwood as follows:

> 11-210. **Obstruction to vision at street intersection prohibited**. On a corner lot within the area formed by the center lines joining points on such center lines at a distance of ninety (90) feet from their intersection, there shall be no obstruction to vision *between a height of three and one-half (3-1/2) feet and a height of ten (10) feet above the average grade of each street* at the center line thereof. The requirements of this section shall not be construed to prohibit any necessary retaining wall.

> 12-103. **Trees, etc., obstructing view at intersection prohibited**. It shall be unlawful for any property owner to have or maintain *on his property any tree, shrub, sign or other obstruction* which prevents persons driving vehicles on public streets of alleys from obtaining a clear view of traffic when approaching an intersection. (Emphasis added)

> It is the duty of this Court to construe these ordinances, if possible, in such a way as to not put them in violation of State law. We have seen above that the City of Brentwood has the duty under State law to manage its right of way property in such a manner as to not permit obstructions to

> visibility of drivers of motor vehicles. The City cannot by ordinance avoid this duty by shifting it to someone else. Therefore the ordinances apply to owners of land adjoining the city's right of way but not to the right of way itself. <u>The Court concludes that the defendant Mercantile did not have a duty to plaintiff the cut the vegetation growing upon the right of way which blocked the vision of operators of motor vehicles on the streets of Brentwood</u>. (Emphasis supplied.)

This Court respectfully disagrees with the holding of the Trial Judge that, because the City has a duty to keep its rights of way clear of obstructions, it may not impose the same duty upon abutting property owners within its jurisdiction. The delegation of this duty does not relieve the City of its duty, but it does impose a duty upon the abutting property owner in addition to that of the City, so that a person injured by violation of the duty of this City and that of a property owner may have a right of action against either or both.

The City is not named as a defendant in this case, nor does the appellee seek apportionment of part of the damages against the City.

Appellee cites numerous Tennessee authorities holding that a municipality has a nondelegable duty to maintain its rights of way. Each of said authorities relates to a duty to construct or maintain a sidewalk. The duty to mow vegetation between the pavement and the edge of the right of way is a distinguishable situation. None of such authorities holds that a city may not impose a corresponding duty upon an abutting land owner, as to that part of the right of way which is not improved and is open for use of the owner.

Appellee cites *Mispagel v. Highway & Transportation Commission*, Mo. 1990, 785 S.W.2d 279, wherein the Court held that an abutting property owner could not be held liable for damages resulting from uncut weeds absent evidence that the weeds were on that part of the property of the owner outside of the public right of way. In the present case, the city ordinance placed a duty upon the property owner to keep the right of way clear of obstruction.

Appellee also cites *Stevens v. Drekich*, Mich. App. 1989, 443 N.W.2d 401, wherein the owners of abutting property were held not liable for the presence of a tree within the right of way on the theory of nuisance where the owners "had no right of possession to the area within the right of way." In the present case, there is no evidence that the appellee was in any way excluded from the area between the pavement and the edge of the right of way. On the contrary, there is evidence that appellee's landscaper was free to, and did on occasion, mow the area in question.

Under these circumstances the issue of liability of appellee was not a suitable subject of a summary judgment.

The judgement of the Trial Court is reversed and vacated, and the cause is remanded for further proceedings. Costs of this appeal are taxed against the appellee.

**REVERSED AND REMANDED**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____
BEN H. CANTRELL, JUDGE