23954

Woodrow F. CLARK, Jr., and Nadine M. Clark, Lanzo B. Sweeney, Paul F. Sweeney, Beatrice P. Sweeney, Alice M. Boddie, James R. Walls and Nancy J. Walls, Frederick H. Baisden and Terry S. Baisden, David R. Boalt and Gail F. Boalt, Charles C. Bentley and Ora Mae Bentley, and Kenneth W. Sweeney, Appellants v. GREENVILLE COUNTY, Morton International, Inc., Para-Chem Southern, Inc., Hoechst Celanese Corporation, J.P.Stevens & Co., Inc., and Waste Management of South Carolina, Inc., Respondents.

(437 S.E. (2d) 117)

Supreme Court

*J. Kendall Few* and *John C Few*, of *Few & Few, P.A.*; and *William A. Jordan*, of *Wilkins & Nelson, P.A.*, Greenville, *for appellants.*

*Judith S. Burk*, Greenville, *for respondent Greenville County.*

*John B McLeod*, of *Haynsworth Marion McKay & Geurard*, Greenville, *for respondent Morton Intern. Inc.*

*L. Gray Geddie, Jr., Neil S. Haldrup* and *Ronald E Cardwell* of *Ogletree, Deakins, Nash, Smoak & Stewart*, Greenville, *for respondent Para-Chem Southern, Inc. & Hoechst Celanese Corp.*

*Joseph A. Rhodes, Jr.* and *Vance E. Drawdy*, of *Haynsworth, Baldwin, Johnson & Greaves, P.A.*, Greenville, *for respondent J.P. Stevens & Co., Inc.*

*Bradford W. Wyche*, of *Wyche, Burgess, Freeman & Parham, P.A.*, Greenville, *for respondent Waste Management of South Carolina, Inc.*

Submitted Sept. 22, 1993.

Decided Nov. 8, 1993.

Reh. Den. Dec. 7, 1993.

MOORE, Justice:

Appellants own property in the vicinity of Simpsonville Landfill #1 which was operated by Greenville County from

1960 to 1972. They commenced these actions against respondent Greenville County for inverse condemnation and actions for nuisance, negligence, trespass, and strict liability against the five corporate respondents that used the landfill to dispose of hazardous chemical waste. The trial judge granted respondents motions for summary judgement. We affirm.

## ISSUES

1. Whether appellants produced any evidence of damages caused by contamination from the landfill.
2. Whether the corporate respondents may be held liable for nuisance in this case.

## DISCUSSION

### A. *Evidence of damages*

The trial judge granted summary judgement to respondents on appellants' causes of action for inverse condemnation, negligence, strict liability, and trespass on the ground appellants failed to produce any evidence of damage from contamination caused by the landfill.

First, appellants[1] contend the trial judge failed to consider test results of water samples tested by Weston, Inc., a consulting firm under contract with the Department of Health and Environmental Control. Appellants rely on the raw figures in the Weston reports to support their claim of contamination. The record, however, includes analyses of these figures which indicate no contamination from the landfill. For instance, the presence of toluene or other aromatic hydrocarbons was found to be the result of laboratory contamination of the water samples or contamination by petroleum products not associated with the landfill, the presence of trihalomethane chloroform was caused by disinfection of wells with household bleach, and the presence of trichlorofluoromethane was caused by airborne contamination during collection of the water samples. In sum, while the raw figures may indicate contamination, the analyses of these figures indicate no connection to the landfill.

---

[1] The Clarks and Kenneth Sweeney are not appellants on this issue since the trial judge ruled in their favor.

Appellants next contend the trial judge should have considered the "evidence" in counsel's statement submitted in opposition to the motion for summary judgment. This statement contains no evidentiary facts but merely refers to experts who will testify on appellants' behalf. Rule 56(e), SCRCP, requires that affidavits supporting or opposing summary judgment shall be made on personal knowledge and shall set forth facts admissible in evidence. Counsel's statement is clearly insufficient under this standard. *Baughman v. American Tel. and Tel. Co.*, 306 S.C. 101, 410 S.E. (2d) 537 (1991).

Next, appellants claim the trial judge disregarded their deposition testimony and answers to interrogatories. There are no evidentiary facts presented in any of appellants' depositions or answers to interrogatories to establish damage caused by contamination from the landfill. Bald allegations of diminution in property value are insufficient to create a genuine issue of fact regarding damages absent any competent evidence showing the existence, amount, or causation of damages. *Id.*

Appellants contend the deposition testimony of experts Harry Legrand and Robert Shealy establishes evidence of damages caused by contamination from the landfill. Legrand reviewed the Weston reports and visited the sites and concluded:

> It's my opinion that some contaminants do reside in the bedrock below the stream near Harrison Bridge Road and will continue to move down to some extent in that particular area.

This testimony contains no opinion on causation.

Shealy testified that the area downstream from the landfill "is showing evidence of impact of materials carried from the dump by surface and/or groundwater movement." While this opinion is more specific than Legrand's, it still fails the test for admissibility of expert testimony on the question of causal connection. Under *Baughman, supra,* expert testimony must state that the result "most probably" came from the cause alleged. Shealy never draws such a connection and in fact he admits to merely assuming the source of contamination is the landfill:

I would say an important assumption here would be that the source of contamination of the materials studied by Weston was the landfill sites. . . . The nature of the materials [deposited in the landfill] also, you would assume, is not completely clarified. So in the absence of specific information, we would have to assume a potential for the worst.

We find this testimony insufficient as evidence of damages caused by contamination from the landfill.

In conclusion, the trial judge properly granted summary judgment against appellants since the record is devoid of any evidence of damages caused by contamination from the landfill.

### B. *Nuisance*

The trial judge granted summary judgment against appellants on all causes of action for nuisance against the corporate respondents except for appellant Beatrice Sweeney's action. The trial judge ruled no action for private nuisance could be maintained against the corporate respondents because: (1) the corporate respondents "never owned, designed, constructed, operated, maintained or closed the landfill" and (2) the corporate respondents did not use the landfill during the time appellants owned their property.

The only issue we need address is whether one must own or have control of the property allegedly used as a nuisance. Generally, a private nuisance is "that class of wrongs that arises from the unreasonable, unwarrantable, or unlawful use by a person *of his own property, personal or real.*" *Peden v. Furman University*, 155 S.C. 1, 151 S.E. 907, 912 (1930) (emphasis added). Nuisance law is based on the premise that "[e]very citizen holds his property subject to the implied obligation that he will use it in such a way as not to prevent others from enjoying the use of their property." *Id.*, *see also Winget v. Winn-Dixie Stores, Inc.*, 242 S.C. 152, 130 S.E. (2d) 363 (1963) (property owner must not unreasonably interfere with another's use and enjoyment of property).

In *Peden v. Furman University, supra,* the University claimed it could not be held liable for nuisance caused by the use of its ballfield since it had no control over the ballfield which was leased to the Greenville Baseball Association. We

found the ballfield lease indicated the University had "complete control" of the property and concluded the University could therefore be liable for a nuisance created by use of the ballfield. Conversely, we now hold one who has no control over property at the time of the alleged nuisance cannot be held liable therefor. *Accord Stevens v. Drekich*, 178 Mich. App. 273, 443 N.W. (2d) 401(1989) (defendant liable for nuisance must have possession or control of the property).

In this case, appellants neither alleged nor produced any evidence the corporate respondents had control over the landfill or the hazardous waste once it was deposited at the landfill. We conclude the trial judge correctly ruled the corporate respondents could not be liable for nuisance because they had no control over the property allegedly used as a nuisance. *Accord City of Bloomington v. Westinghouse Electric Corp.*, 891 F. (2d) 611 (7th Cir. 1989) (manufacturer of hazardous chemical not liable for nuisance where it sold chemical to another party who dumped it).

We need not address appellants' remaining argument. Accordingly, the judgment of court is AFFIRMED.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.