**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

I. Lehr Brisbin, Appellant,

v.

Aiken Electric Cooperative, Inc., Gary L. Stooksbury, and Carolina Tree Company, Inc., Defendants,

Of whom Aiken Electric Cooperative, Inc. and Gary L. Stooksbury are the Respondents.

Appellate Case No. 2012-207488

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2013-UP-069
Heard January 15, 2013 – Filed February 13, 2013

**AFFIRMED**

Mark John Devine, of The Law Office of Mark J. Devine, of Aiken, for Appellant.

Pope D. Johnson, III, of Johnson & Barnette, LLP, of Columbia, and Donnell G. Jennings, of Turner Padget Graham & Laney, PA, of Columbia, for Respondents.

**PER CURIAM:** I. Lehr Brisbin appeals the trial court's grant of summary judgment in favor of Aiken Electric Cooperative, Inc. (AEC), and Gary Stooksbury (collectively Respondents). Brisbin contends the trial court erred in finding he did not present any damages to sustain his causes of action. He further maintains the trial court erred in failing to grant his request for an injunction. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in granting summary judgment in favor of Respondents because Brisbin did not have a full and fair opportunity to complete discovery: *Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 438-39 (2003) ("In reviewing the grant of a summary judgment motion, [this] [c]ourt applies the same standard as the trial court under Rule 56(c), SCRCP: 'summary judgment is proper when there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.'" (quoting *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 114-15, 410 S.E.2d 537, 545 (1991))); *id.* at 69, 580 S.E.2d at 439 ("In determining whether summary judgment is appropriate, the evidence and its reasonable inferences must be viewed in the light most favorable to the nonmoving party." (citing *Baughman*, 306 S.C. at 115, 410 S.E.2d at 545)); *Guinan v. Tenet Healthsystems of Hilton Head, Inc.*, 383 S.C. 48, 54-55, 677 S.E.2d 32, 36 (Ct. App. 2009) ("A party claiming summary judgment is premature because they have not been provided a full and fair opportunity to conduct discovery must advance a good reason why the time was insufficient under the facts of the case, and why further discovery would uncover additional relevant evidence and create a genuine issue of material fact." (citing *Dawkins*, 354 S.C. at 71, 580 S.E.2d at 439-40)); *Clark v. Greenville Cnty.*, 313 S.C. 205, 208, 437 S.E.2d 117, 118 (1993) ("Bald allegations of diminution in property value are insufficient to create a genuine issue of fact regarding damages absent any competent evidence showing the existence, amount, or causation of damages." (citing *Baughman*, 306 S.C. at 117, 410 S.E.2d at 546)).

2. As to whether the trial court erred in failing to grant injunctive relief: *Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review."); *Johnson v. Sonoco Prods. Co.*, 381 S.C. 172, 177, 672 S.E.2d 567, 570 (2009) ("An issue may not be raised for the first time in a motion to reconsider.").

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**