**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Clint A. Chestnut, Rebatt Frankie Jefford, Mary Lou Nance, Margaret Ramsey, Nicholas Ramsey, Harold Cushman, Julia Edwards, Don Emery, Eula Cooke, and Glenda Rabon Harper, Individually, and as Class Representatives, Appellants,

v.

AVX Corporation, Respondent.

Appellate Case No. 2012-212143

Appeal from Horry County
Benjamin H. Culbertson, Circuit Court Judge

Opinion No. 27557
Heard January 23, 2014 – Filed August 5, 2015

**AFFIRMED IN PART; REVERSED IN PART**

Gene McCain Connell, Jr., and Lawrence Sidney Connor, IV, both of Kelaher Connell & Connor, PC, of Surfside Beach, for Appellants.

Samuel W. Outten, of Womble Carlyle Sandridge and Rice, LLP, of Greenville, Richard E. Morton, Brad A. DeVore and Todd Billmire, all of Womble Carlyle Sandridge and Rice, LLP, of Charlotte, North Carolina, and Evan Slavitt, of Myrtle Beach, for Respondent.

**JUSTICE PLEICONES:**  This is an appeal from an order granting respondent's Rule 12(b)(6), SCRCP, motion, and dismissing appellants' claims for trespass, nuisance, negligence, and strict liability.  Appellants contend on appeal that the court erred in dismissing the nuisance, negligence, and strict liability claims.[1]  We affirm the circuit court's dismissal of appellants' nuisance and strict liability causes of action, but reverse the dismissal of the negligence claim.

## FACTS

Respondent manufactures electronic parts at a plant in North Myrtle Beach, South Carolina.  In 1980, respondent began using a chemical called trichloroethylene (TCE)[2] as a degreaser to clean machine tools and parts.  At some point, TCE escaped respondent's plant and migrated beyond the boundaries of respondent's property, contaminating surrounding properties and groundwater.

In December 1996, respondent entered into a consent order with the South Carolina Department of Health and Environmental Control (DHEC), in which respondent admitted that it had violated certain state environmental statutes and regulations.  DHEC required respondent to implement a plan to clean up the TCE.  In 2007, environmental testing performed in a ten block section north of respondent's plant showed levels of TCE greater than considered safe.

On November 27, 2007, a group of residents who own real property near respondent's plant filed suit alleging causes of action for trespass, nuisance, negligence, and strict liability.  The residents brought the suit both individually and as class representatives pursuant to Rule 23, SCRCP.

The complaint describes two subclasses within the general class definition.  Subclass A includes "all persons, partnerships, [or] corporations who own real property in the area defined in paragraph 15 and whose property is contaminated by chemicals which have escaped or have been spilled and left [respondent's] plant property."  Subclass B includes:

---

[1] They do not appeal the dismissal of their trespass claim.

[2] The Environmental Protection Agency has designated TCE as a volatile organic compound.  Because TCE is slightly heavier than water, it is difficult to extract if spilled into the ground.

all persons partnerships or corporations who own real property in the areas defined in paragraph 15 of the Complaint *but are not contaminated*; however these properties adjoin the contaminated area and are in such close proximity that the real property value has been affected or devalued by the chemical release at [respondent's] plant.

(Emphasis supplied).

Appellants are Subclass B individuals.

The circuit court granted respondent's Rule 12(b)(6) motion and dismissed appellants' claims with prejudice. In dismissing appellants' trespass, negligence, and strict liability claims, the circuit court stated that such claims "cannot be maintained when there is no evidence that alleged contamination has physically impacted [appellants'] properties." Further, with respect to appellants' nuisance claim, the circuit court noted that a claimant must plead an unreasonable interference with the use and enjoyment of his or her property in order to state a claim for nuisance. Therefore, the circuit court found that because their properties are not contaminated, appellants' allegations did not state a claim for nuisance. Appellants appealed.

## ISSUE

Did the circuit court err in dismissing appellants' nuisance, negligence, and strict liability claims?

## ANALYSIS

On appeal from the grant of a Rule 12(b)(6) motion, we are concerned only with whether the allegations of the complaint, which we must accept as true, state a cause of action. *E.g.*, *Doe v. Bishop of Charleston*, 407 S.C. 128, 754 S.E.2d 494 (2014). Further, novel questions of law should not ordinarily be resolved on a Rule 12(b)(6) motion. *E.g.*, *Madison v. Am. Home Prod. Corp.*, 358 S.C. 449, 595 S.E.2d 493 (2004). Finally, this Court can affirm a lower court's order for any reason appearing in the record. Rule 220(c), SCACR.

We affirm the circuit court's dismissal of both appellants' nuisance and strict liability claims because the complaint alleges actual contamination of the property in pleading both of these causes of action. Since each of these claims was pled only on behalf of the Subclass A plaintiffs and not on behalf of appellants, we uphold the circuit court's dismissal of these two causes of action pursuant to Rule 220(c), SCACR. As explained below, however, we find the complaint sufficiently pleads a negligence cause of action on behalf of appellants, and therefore reverse the dismissal of this claim.

In *Babb v. Lee County Landfill S.C., LLC*, 405 S.C. 129, 747 S.E.2d 468 (2013), we held a plaintiff could maintain an environmental negligence suit based upon offensive odors if the complaint alleged either "physical injury [to the plaintiff] or property damage." *Id.* at 153, 747 S.E.2d at 481. Here, appellants have pled all four elements of a negligence claim: duty, breach, proximate cause, and damages. In alleging damages, appellants contend that their property is "worthless," "damaged," and "devalued" by the "harmful" and "dangerous" chemicals on the real property that adjoins their properties. This pleading raises the novel question[3] whether South Carolina will recognize "stigma damages." We reverse the circuit court's dismissal under Rule 12(b)(6), SCRCP, because this case raises a novel question of law. *Madison v. Am. Home Prod. Corp.*, 358 S.C. at 451, 595 S.E.2d at 494.

Further development of the facts may demonstrate that appellants' property has in fact lost value due to its proximity to the property contaminated by TCE, or that the contamination has been remediated and the alleged stigma ameliorated. The creation of a factual record will allow us to decide whether to adopt a "no stigma damages rule;" an "all stigma damages rule;" or a modified rule. *See Diminished Property Value Due to Environmental Contamination*, 33 Am. Jur. 3d *Proof of Facts* § 163 (1995 and Supp. 2014) (explaining the differing approaches to stigma damages).

---

[3] *Compare Gray v. Southern Facilities, Inc.*, 256 S.C. 558, 183 S.E.2d 438 (1971) (holding that appellant failed to prove that the stigma damages to his real property were attributable to the single act of the named defendant and therefore does not decide whether we will allow recovery for this type of property damage).

## CONCLUSION

For the reasons given above, the circuit court's order is

**AFFIRMED IN PART AND REVERSED IN PART**.

**BEATTY and HEARN, JJ., concur.  TOAL, C.J., concurring in part and dissenting in part in a separate opinion in which KITTREDGE, J., concurs.**

**CHIEF JUSTICE TOAL:** I respectfully concur in part, and dissent in part. While I concur in the majority's decision to affirm the circuit court's dismissal of Appellants' claims for nuisance and strict liability, I would also affirm the dismissal of Appellants' negligence claim.

## I. *Negligence, Strict Liability, and Nuisance Claims*

Appellants appeal the circuit court's dismissal of their negligence, strict liability, and nuisance claims. Despite the distinctions between these three causes of action, when applied to cases involving environmental contamination, each is defined by—and requires—a common element: actual damage or injury caused by the source of contamination. *See Babb v. Lee Cnty. Landfill SC, L.L.C.*, 405 S.C. 129, 145, 153, 747 S.E.2d 468, 476, 481 (2013) (stating that a negligence claim "requires a plaintiff to establish physical injury or property damage," and that "recovery under a nuisance claim requires proof of actual and substantial injury by demonstrating that the defendant unreasonably interfered with his ownership or possession of land"); *Clark v. Greenville Cnty.*, 313 S.C. 205, 437 S.E.2d 117 (1993) (dismissing property owners' negligence and strict liability claims because there was no evidence of damages caused by the contamination).

As to Appellants' negligence and strict liability claims, I would affirm the dismissal of both claims because Appellants did not allege facts indicating that their properties are either actually damaged,[4] or contaminated by TCE—a fact which Appellants concede. *See Babb*, 405 S.C. at 145, 747 S.E.2d at 476. Further, I agree with the majority's decision to affirm the dismissal of Appellants' nuisance claim, because Appellants failed to allege actual injury which interfered with the ownership of their properties.[5] *See id.* at 153, 747 S.E.2d at 481.

---

[4] The majority states that Appellants' negligence claim should survive because Appellants assert claims that their properties are "worthless," unable to be sold, and that their property has been "devalued" because of the nearby contamination. I view these assertions as relative to Appellants' stigma damages argument and as discussed, *infra*, South Carolina has not adopted stigma damages.

[5] Appellants assert they "have shown that by owning adjoining property to contaminated property their enjoyment of their property has been affected." However, Appellants do not identify how the contamination has interfered with the use and enjoyment of their properties. *Ravan v. Greenville Cnty.*, 315 S.C. 447, 464, 434 S.E.2d 296, 306 (Ct. App. 1993) ("[A] nuisance [cause of action requires] a substantial and unreasonable interference with the plaintiff's use and enjoyment

Into the equation, Appellants have introduced the concept of stigma damages as a possible vehicle for their recovery. However, as discussed below, this Court has not yet recognized stigma damages in South Carolina and I would decline to do so here.

## II. *Stigma Damages*

Despite the lack of contamination on Appellants' properties, they claim that their properties are in such close proximity to the contaminated area that their property values have been "affected or devalued." Based on this allegation, they argue that this Court should recognize stigma damages. In the environmental context, stigma damages are defined as:

> the negative perceptions associated with property that is contaminated, that was once contaminated or that lies in proximity to contaminated or previously contaminated property. Stigma represents a loss in value apart from the cost of curing the contamination itself, and it can be based upon actual or perceived risks or fear, such as "possible public liability," "fear of additional health hazards" and "simple fear of the unknown." Additionally, stigma is based upon perceptions about risks and liabilities associated with owning, or holding property interests in, contaminated property. The perceptions on which society bases the stigma need not be reasonable or substantiated.

E. Jean Johnson, *Environmental Stigma Damages: Speculative Damages in Environmental Tort Cases*, 15 UCLA J. Envtl. L. & Pol'y 185, 185 (1997) (internal footnotes omitted). Thus, stigma damages are not damages for actual physical contamination, but for negative perceptions associated with the contamination. *Id.*

---

[of his property]."). Appellants do not allege, for instance, that the contamination prevents them from using their properties in any particular way, affects their day-to-day enjoyment of their properties, or interferes with their health. Instead, Appellants merely contend that *because their properties are located in close proximity* to the contamination, TCE has "affected" the enjoyment of their property.

Some jurisdictions recognize stigma damages in limited circumstances;[6] however, this Court has not permitted the recovery of stigma damages.

*Gray v. Southern Facilities, Inc.*, 256 S.C. 558, 183 S.E.2d 438 (1971), is the only South Carolina case that directly acknowledges stigma damages, albeit generally. *See* 256 S.C. at 567–71, 183 S.E.2d at 442–44. In *Gray*, the appellant alleged that a nearby fire caused his property to depreciate, even though the fire did not physically damage the property. *Id.* at 568, 183 S.E.2d at 443. The basis of the appellant's claim for damages was "predicated upon an asserted diminution in market value resulting, not from any physical injury, but from a psychological factor, in that prospective buyers allegedly would be reluctant to purchase the property due to the fear of a similar occurrence in the future." *Id.* at 569, 183 S.E.2d at 443. This Court noted that "'injury to the reputation of . . . property has been held not to be a proper element of damages,'" but acknowledged that no general or firmly established rule had been developed at that point. *Id.* (quoting 22 Am. Jur. 2d *Damages* § 136).

Ultimately, this Court held that the appellant in *Gray* could not recover because his evidence as to the diminution of market value was speculative. *Id.* at 571, 183 S.E.2d at 444. Therefore, the Court found it unnecessary to decide whether or not, or under what circumstances, stigma damages might be recovered. *Id.* at 570, 183 S.E.2d at 443.

Like the appellant in *Gray*, Appellants pled no physical damage to their properties, but instead present speculative claims of a diminution in market value and damages to the reputation of their properties that *may* be realized *if* Appellants ever attempt to sell their properties. *See id.* at 571, 183 S.E.2d at 444. For example, in their complaint, Appellants state that because of the nearby TCE contamination, they are "unable to sell their homes/real property," "their property has now become distressed property," and their property has been devalued.

Due to the speculative nature of their claims, Appellants have provided no reason for the Court to depart from the requirement of actual damage in claims involving environmental contamination. Although the majority defers a discussion

---

[6] *See, e.g.*, *In re Paoli R.R. Yard PCB Litig.*, 113 F.3d 444, 463 (3d Cir. 1997); *Adams v. Star Enter.*, 51 F.3d 417, 424 (4th Cir. 1995) (applying Virginia law); *Mercer v. Rockwell Int'l Corp.*, 24 F. Supp. 2d 735, 744–45 (W.D. Ky. 1998); *Walker Drug Co. v. La Sol Oil Co.*, 972 P.2d 1238, 1246 (Utah 1998).

on whether to adopt the doctrine of stigma damages under further factual developments, I would hereby decline Appellants' request to adopt stigma damages in any form as an appropriate measure of damages in South Carolina.

### III. Conclusion

In sum, my conclusion is rooted in the simple fact that Appellants' properties have not been damaged by any contamination.  The only injury Appellants allege in their complaint is the possible devaluation of their properties, i.e., stigma damages, which I would decline to recognize as a sufficient allegation of damages in South Carolina for purposes of negligence, strict liability, or nuisance claims. Therefore, I would affirm the circuit court's dismissal of Appellants' nuisance and strict liability claims, as well as the dismissal of Appellants' negligence claim.

**KITTREDGE, J., concurs.**