Chief Justice TOAL.
I respectfully concur in part, and dissent in part. While I concur in the majority’s decision to affirm the circuit court’s dismissal of Appellants’ claims for nuisance and strict liability, I would also affirm the dismissal of Appellants’ negligence claim.

I. Negligence, Strict Liability, and Nuisance Claims

Appellants appeal the circuit court’s dismissal of their negligence, strict liability, and nuisance claims. Despite the distinctions between these three causes of action, when applied to cases involving environmental contamination, each is defined by — and requires — a common element: actual damage or injury caused by the source of contamination. See Babb v. Lee Cnty. Landfill SC, L.L.C., 405 S.C. 129, 145, 153, 747 S.E.2d 468, 476, 481 (2013) (stating that a negligence claim “requires a plaintiff to establish physical injury or property damage,” and that “recovery under a nuisance claim requires proof of actual and substantial injury by demonstrating that the defendant unreasonably interfered with his ownership or possession of land”); Clark v. Greenville Cnty., 313 S.C. 205, 437 S.E.2d 117 (1993) (dismissing property owners’ negligence and strict liability claims because there was no evidence of damages caused by the contamination).
As to Appellants’ negligence and strict liability claims, I would affirm the dismissal of both claims because Appellants did not allege facts indicating that their properties are either actually damaged,[4] or contaminated by TCE — a fact which Appellants concede. See Babb, 405 S.C. at 145, 747 S.E.2d at 476. Further,
*230 I agree with the majority’s decision to affirm the dismissal of Appellants’ nuisance claim, because Appellants failed to allege actual injury which interfered with the ownership of their properties.[5] See id. at 153, 747 S.E.2d at 481.
Into the equation, Appellants have introduced the concept of stigma damages as a possible vehicle for their recovery. However, as discussed below, this Court has not yet recognized stigma damages in South Carolina and I would decline to do so here.

II. Stigma Damages

Despite the lack of contamination on Appellants’ properties, they claim that their properties are in such close proximity to the contaminated area that their property values have been “affected or devalued.” Based on this allegation, they argue that this Court should recognize stigma damages. In the environmental context, stigma damages are defined as:
the negative perceptions associated with property that is contaminated, that was once contaminated or that lies in proximity to contaminated or previously contaminated property. Stigma represents a loss in value apart from the cost of curing the contamination itself, and it can be based upon actual or perceived risks or fear, such as “possible public liability,” “fear of additional health hazards” and “simple fear of the unknown.” Additionally, stigma is based upon perceptions about risks and liabilities associated with owning, or holding property interests in, contaminated property. The perceptions on which society bases the stigma need not be reasonable or substantiated.
*231 E. Jean Johnson, Environmental Stigma Damages: Speculative Damages in Environmental Tort Cases, 15 UCLA J. Envtl. L. & Pol’y 185, 185 (1997) (internal footnotes omitted). Thus, stigma damages are not damages for actual physical contamination, but for negative perceptions associated with the contamination. Id. Some jurisdictions recognize stigma damages in limited circumstances;[6] however, this Court has not permitted the recovery of stigma damages.
Gray v. Southern Facilities, Inc., 256 S.C. 558, 183 S.E.2d 438 (1971), is the only South Carolina case that directly acknowledges stigma damages, albeit generally. See 256 S.C. at 567-71, 183 S.E.2d at 442-44. In Gray, the appellant alleged that a nearby fire caused his property to depreciate, even though the fire did not physically damage the property. Id. at 568, 183 S.E.2d at 443. The basis of the appellant’s claim for damages was “predicated upon an asserted diminution in market value resulting, not from any physical injury, but from a psychological factor, in that prospective buyers allegedly would be reluctant to purchase the property due to the fear of a similar occurrence in the future.” Id. at 569, 183 S.E.2d at 443. This Court noted that “ ‘injury to the reputation of ... property has been held not to be a proper element of damages,’ ” but acknowledged that no general or firmly established rule had been developed at that point. Id. (quoting 22 Am. Jur. 2d Damages § 136).
Ultimately, this Court held that the appellant in Gray could not recover because his evidence as to the diminution of market value was speculative. Id. at 571, 183 S.E.2d at 444. Therefore, the Court found it unnecessary to decide whether or not, or under what circumstances, stigma damages might be recovered. Id. at 570, 183 S.E.2d at 443.
Like the appellant in Gray, Appellants pled no physical damage to their properties, but instead present speculative claims of a diminution in market value and damages to the reputation of their properties that may be realized if Appellants ever attempt to sell their properties. See id. at 571, 183 *232 S.E.2d at 444. For example, in their complaint, Appellants state that because of the nearby TCE contamination, they are “unable to sell their homes/real property,” “their property has now become distressed property,” and their property has been devalued.
Due to the speculative nature of their claims, Appellants have provided no reason for the Court to depart from the requirement of actual damage in claims involving environmental contamination. Although the majority defers a discussion on whether to adopt the doctrine of stigma damages under further factual developments, I would hereby decline Appellants’ request to adopt stigma damages in any form as an appropriate measure of damages in South Carolina.

III. Conclusion

In sum, my conclusion is rooted in the simple fact that Appellants’ properties have not been damaged by any contamination. The only injury Appellants allege in their complaint is the possible devaluation of their properties, i.e., stigma damages, which I would decline to recognize as a sufficient allegation of damages in South Carolina for purposes of negligence, strict liability, or nuisance claims. Therefore, I would affirm the circuit court’s dismissal of Appellants’ nuisance and strict liability claims, as well as the dismissal of Appellants’ negligence claim.
KITTREDGE, J., concurs.

. The majority states that Appellants’ negligence claim should survive because Appellants assert claims that their properties are “worthless,” unable to be sold, and that their property has been "devalued” because of the nearby contamination. I view these assertions as relative to Appellants’ stigma damages argument and as discussed, infra, South Carolina has not adopted stigma damages.

. Appellants assert they “have shown that by owning adjoining property to contaminated property their enjoyment of their property has been affected.” However, Appellants do not identify how the contamination has interfered with the use and enjoyment of their properties. Ravan v. Greenville Cnty., 315 S.C. 447, 464, 434 S.E.2d 296, 306 (Ct.App.1993) ("[A] nuisance [cause of action requires] a substantial and unreasonable interference with the plaintiff's use and enjoyment [of his property].”). Appellants do not allege, for instance, that the contamination prevents them from using their properties in any particular way, affects their day-to-day enjoyment of their properties, or interferes with their health. Instead, Appellants merely contend that because their properties are located in close proximity to the contamination, TCE has “affected” the enjoyment of their property.

. See, e.g., In re Paoli R.R. Yard PCB Litig., 113 F.3d 444, 463 (3d Cir.1997); Adams v. Star Enter., 51 F.3d 417, 424 (4th Cir.1995) (applying Virginia law); Mercer v. Rockwell Int’l Corp., 24 F.Supp.2d 735, 744-45 (W.D.Ky.1998); Walker Drug Co. v. La Sal Oil Co., 972 P.2d 1238, 1246 (Utah 1998).