# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 25, 2015

151618

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

MICHELE COMPAU and TODD COMPAU,
    Plaintiffs-Appellees,

v

PIONEER RESOURCE COMPANY, LLC,
WALTER A KILBOURN, d/b/a WHITTEMORE
INN, and WHITTEMORE INN RACE CLUB,
    Defendants-Appellants.

SC: 151618
COA: 320615
Iosco CC: 12-007121-NO

_____/

    On order of the Court, the application for leave to appeal the April 16, 2015 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals and we REINSTATE the February 19, 2014 order of the Iosco Circuit Court that granted the defendants' motion for summary disposition. The plaintiffs' injuries arose when plaintiff Michele Compau tripped over a railroad tie on the defendants' property. When a plaintiff's injury arises from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence, even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692 (2012). The railroad tie was an allegedly dangerous condition on the land, but it was open and obvious. Thus, the plaintiffs' recovery is barred by the open and obvious danger doctrine. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516-519, 522 (2001). Because plaintiff Michele Compau testified that she had seen the railroad tie when she arrived to watch the lawn mower races, the plaintiffs have failed to present evidence to support that the lawn mower races were so distracting as to preclude application of the open and obvious danger doctrine. See *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 717-718 (2007).

    BERNSTEIN, J., would deny leave to appeal.



    I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 25, 2015



Clerk

t1118