# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTOPHER HOLCOMB,

      Plaintiff-Appellant,

v

GWT, INC. d/b/a MOOSE TRAXX GRILL &
BAR,

      Defendant-Appellee,

and

PATRICK FRANCIS O'DONNELL and JAMES
PATRICK O'DONNELL,

      Defendants/Cross-Defendants.

UNPUBLISHED
March 1, 2016

No. 325410
Macomb Circuit Court
LC No. 2013-002409-NI

Before: GLEICHER, P.J., and JANSEN and SHAPIRO, JJ.

PER CURIAM.

This case centers on a bicyclist travelling along a sidewalk who collided with a motor vehicle that was exiting a restaurant's parking lot. The bicyclist asserted a premises liability count against the restaurant, claiming that two trees planted at the intersection of the sidewalk and driveway obscured his view of vehicles leaving the parking lot. The circuit court determined that this obstruction of view was an open and obvious condition on the land and summarily dismissed the action. We affirm.

## I. BACKGROUND

At approximately 7:45 p.m. on April 10, 2012, plaintiff Christopher Holcomb rode his bicycle on the sidewalk southbound past the Moose Traxx Grill & Bar on Gratiot in Roseville. As he approached the restaurant's driveway from the sidewalk, an intoxicated James O'Donnell drove his vehicle from the restaurant parking lot toward the street. The two collided, Holcomb became trapped under the vehicle, and he ultimately required an amputation to the left leg below the knee.

Holcomb initially filed a dramshop action against Moose Traxx. During depositions, O'Donnell asserted that because of "two overgrown trees" planted at the intersection of the sidewalk and the driveway, he "could not see the sidewalk." Holcomb then amended his

-1-

complaint to include a premises liability count, asserting that the trees dangerously obstructed the view between the sidewalk and driveway. During his subsequent deposition, Holcomb indicated that he had to swerve to the right side of the sidewalk to avoid the trees and claimed he was unable to see O'Donnell's vehicle until it was too late. Photographs of the area presented by Holcomb revealed that the trees' branches did not intrude upon the sidewalk, and Moose Traxx's owner, Gary Teichman, testified that in the 43 years he had been using the driveway, his view of the sidewalk had never been obstructed.

Moose Traxx sought summary disposition of Holcomb's claim, arguing that the obstruction of view was an open and obvious condition. Holcomb retorted that such a visual obstruction was by its nature not open and obvious. He further argued that his premises liability claim entailed an additional count for ordinary negligence. The negligence claim arose from Teichman's failure, as Moose Traxx's agent, to maintain the trees to ensure a clear sightline as required by city ordinance and state statute. Moose Traxx in turn contended that it owed no duty to Holcomb to maintain the land in a safe condition, only to warn of known dangers of which Holcomb would not be reasonably aware, because Holcomb was merely a licensee on the property.

Ultimately, the circuit court granted Moose Traxx's motion. The court concluded that Holcomb was a licensee, and the reduced duty nullified any potential ordinary negligence claim. In any event, the claim sounded in premises liability alone, and the visual obstruction was an open and obvious condition as evidenced by the photographs presented by Holcomb himself. The court further discerned no violation of the duty to warn because the visual obstruction would have been clear to all.

## II. ANALYSIS

We review a trial court's decision on a motion for summary disposition de novo. *Wayne Co v Wayne Co Retirement Comm*, 267 Mich App 230, 243; 704 NW2d 117 (2005). . . .

A motion under MCR 2.116(C)(10) "tests the factual support of a plaintiff's claim." *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Walsh*, 263 Mich App at 621. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West*, 469 Mich at 183. [*Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013).]

## A. ORDINARY NEGLIGENCE

Holcomb continues to assert that his claim sounds in ordinary negligence, not just premises liability. However, "[w]hen a plaintiff's injury arises from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence, even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Compau v Pioneer Resource Co, LLC*, ___ Mich ___; 871 NW2d 210 (2015).

In *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012), this Court described the difference between an ordinary negligence and premises liability action:

> Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land. See *James v Alberts*, 464 Mich 12, 18-19; 626 NW2d 158 (2001). In the latter case, liability arises solely from the defendant's duty as an owner, possessor, or occupier of land. *Laier v Kitchen*, 266 Mich App 482, 493; 702 NW2d 199 (2005). If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury. *James*, 464 Mich at 18-19.

The distinction is important because the open and obvious doctrine does not apply to defeat ordinary negligence claims. *Laier*, 266 Mich App at 490.

A claim can have elements sounding in both premises liability and ordinary negligence. In *Laier*, for example, the defendant landowner invited the plaintiff's deceased onto his land to assist in the repair of a tractor. The defendant negligently removed a vise grip from a hydraulic hose, causing the tractor's front-end bucket loader to crash down and pin the decedent to the machine. *Id.* at 485-486. This Court held: "Plaintiff's complaint stated that defendant 'owed a duty to [the deceased] to use due care and caution in the operation and control of the tractor and bucket.' Defendant's conduct was thus an alleged basis of liability, independent of premises liability." *Id.* at 493. However, "[i]n addition to the duty owed concerning conduct, plaintiff alleged a duty based on [the deceased's] status as an invitee, i.e., a duty to protect [the deceased] from unreasonable risks of injury known to defendant and to warn [the deceased] about those risks. This allegation was the basis of plaintiff's claim of premises liability[.]" *Id.* at 497.

In *Buhalis*, 296 Mich App at 689-690, the plaintiff slipped and fell on ice on a patio near the front entrance of the defendant's building. Other paths had been cleared from the parking lot to the entrance, but not the location where the plaintiff fell. *Id.* at 690. In fact, the awnings near the front entrance redirected rain water and melting snow onto the patio area, which then accumulated significantly more ice than other paths. *Id.* This Court held that the trial court erroneously characterized the plaintiff's claim as sounding in ordinary negligence, rather than in premises liability alone. *Id.* at 691. In doing so, this Court noted, "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor

created the condition giving rise to the plaintiff's injury." *Id.* at 692. The plaintiff fell "when she encountered a dangerous condition on Trinity's premises." Even though the plaintiff accused defendant's employees of creating the hazard, "this allegation [did] not transform the claim into one for ordinary negligence." *Id.*

The difference between *Laier* and *Buhalis* is that the *Laier* landowner took an affirmative negligent action that directly and swiftly caused an injury. Moose Traxx took no such affirmative action in this case. Here, as in *Buhalis*, Holcomb's claim is based on a condition of the land. He asserted that the existing landscaping obscured the line of sight between southbound travelling pedestrians and vehicles exiting via the driveway. This is similar to the claim in *Buhalis* that the property design allowed ice to accumulate on the patio. Accordingly, the claim sounded in premises liability. The claim was not converted into one for ordinary negligence simply because Holcomb alleged that Moose Traxx created the condition by failing to adequately maintain the trees.

## B. OPEN AND OBVIOUS

Moreover, the visual obstruction was an open and obvious condition, nullifying any potential liability on Moose Traxx's part.

> The law of premises liability in Michigan has its foundation in two general precepts. First, landowners must act in a reasonable manner to guard against harms that threaten the safety and security of those who enter their land. Second, and as a corollary, landowners are not insurers; that is, they are not charged with guaranteeing the safety of every person who comes onto their land. These principles have been used to establish well-recognized rules governing the rights and responsibilities of both landowners and those who enter their land. Underlying all these principles and rules is the requirement that both the possessors of land and those who come onto it exercise common sense and prudent judgment when confronting hazards on the land. These rules balance a possessor's ability to exercise control over the premises with the invitees' obligation to assume personal responsibility to protect themselves from apparent dangers. [*Hoffner v Lanctoe*, 492 Mich 450, 459-460; 821 NW2d 88 (2012) (citations omitted).]

"To establish a prima facie case of negligence, a plaintiff must prove that '(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages.' " *Hill v Sears, Roebuck & Co*, 492 Mich 651, 660; 822 NW2d 190 (2012), quoting *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). "The starting point for any discussion of the rules governing premises liability law is establishing what duty a premises possessor owes to those who come onto his land." *Hoffner*, 492 Mich at 460. There are three common-law categories in which visitors to one's land fall: invitees, licensees, and trespassers. One's category decides the duty owed. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000).

The parties agree that Holcomb was a licensee.

A "licensee" is a person who is privileged to enter the land of another by virtue of the possessor's consent. A landowner owes a licensee a duty only to warn the licensee of any hidden dangers the owner knows or has reason to know of, if the licensee does not know or have reason to know of the dangers involved. The landowner owes no duty of inspection or affirmative care to make the premises safe for the licensee's visit. Typically, social guests are licensees who assume the ordinary risks associated with their visit. [*Id.*]

A person walking down a public sidewalk is considered to be "on" the adjacent landowner's property. If that person is on the sidewalk for a non-business purpose, they are a licensee. *Campbell v Kovich*, 273 Mich App 227, 235; 731 NW2d 112 (2006).

Holcomb contends that as he was a licensee, the open and obvious doctrine does not apply. This is not true.

A possessor of land has no duty to give warning of dangers that are open and obvious, inasmuch as such dangers come with their own warning. . . . [W]ith regard to licensees, no liability arises if the licensee knows or has reason to know of the danger, or if the possessor should expect that the licensee will discover the danger. Hence, a possessor of land has no obligation to take any steps to safeguard licensees from conditions that are open and obvious. [*Pippin v Atallah*, 245 Mich App 136, 143; 626 NW2d 911 (2001) (citations omitted).]

Whether a condition is open and obvious is judged by an objective standard by asking, "Would an average person of ordinary intelligence discover the danger and the risk it presented on casual inspection?" *Price v Kroger Co*, 284 Mich App 496, 501; 773 NW2d 739 (2009). See also *Novotney v Burger King Corp*, 198 Mich App 470, 474; 499 NW2d 379 (1993) ("[A]n obvious danger is no danger to a reasonably careful person . . . . Its nature, as well as any danger presented, is apparent upon casual inspection by an average user with ordinary intelligence.").

As determined by the circuit court, the photographic evidence presented by both parties revealed that the visual obstruction was an open and obvious condition. Regardless of whether the trees were overgrown or improperly placed, the demarcation between the sidewalk and the driveway is clear and obvious. That vehicles may approach the driveway from the parking lot and pedestrians from the sidewalk is equally clear and obvious to an average user of ordinary intelligence. As is the fact that the trees could obstruct the view of intersecting traffic. This obvious obstruction would place a reasonable person of average intelligence on notice to stop and look before proceeding.

## C. SPECIAL DUTY UNDER STATUTE OR ORDINANCE

Holcomb complains that a state statute and various city ordinances require land owners to maintain trees and hedges so they do not obstruct the view at the intersection of a driveway and a sidewalk, and that these regulations impose a special duty on the landowner in avoidance of the open and obvious doctrine. Indeed, this Court has stated, "the doctrine does not exonerate a defendant from liability where the claim is one of a statutory duty to maintain and repair the

premises." *Laier*, 266 Mich App at 490, citing *Walker v City of Flint*, 213 Mich App 18, 22; 539 NW2d 535 (1995).

First, the statute cited by Holcomb, MCL 239.5, is inapplicable in this case. The statute requires land owners to maintain "all hedges or hedge rows" along public roadways at "a height not exceeding 4 1/2 feet." *Id*. Although trees fit within the definition of "hedges or hedge rows," OAG, 1982, No. 6,025, two trees planted side-by-side do not a hedge or hedge row make.

Even if Moose Traxx violated city ordinances, such conduct would not negate the open and obvious doctrine. Violation of a statutory duty is negligence per se. *Douglas v Edgewater Park Co*, 369 Mich 320, 328; 119 NW2d 567 (1963). Yet, "[v]iolation of an ordinance is not negligence per se, but only evidence of negligence." *Stevens v Drekich*, 178 Mich App 273, 278; 443 NW2d 401 (1989), citing *Mills v A B Dick Co*, 26 Mich App 164, 168; 182 NW2d 79 (1970). "If no duty is owed by the defendant to the plaintiff, an ordinance violation committed by the defendant is not actionable as negligence." *Stevens*, 178 Mich App at 278, citing *Johnson v Davis*, 156 Mich App 550, 555-556; 402 NW2d 486 (1986). Stated more clearly, an ordinance violation standing alone "will not serve as the basis for imposing a legal duty cognizable in negligence theory." *Ward v Frank's Nursery & Crafts, Inc*, 186 Mich App 120, 135; 463 NW2d 442 (1990). Accordingly, even if Moose Traxx violated the ordinances, and even if the ordinances were enacted to prevent the type of accident that occurred in this case, such violations without more do not establish that Moose Traxx owed a legal duty to Holcomb. The ordinance violation therefore does not sound in negligence, premises liability or otherwise, and does not negate the application of the open and obvious doctrine.

## D. SPECIAL ASPECTS

Holcomb also contends that special aspects rendered the visual obstruction so unreasonably dangerous that the open and obvious doctrine must give way. To find "special aspects," the danger must be unreasonably dangerous or effectively unavoidable. *Hoffner*, 492 Mich at 461-463. A condition is "unreasonably dangerous" if it "present[s] an extremely high risk of severe harm . . . where there is no sensible reason for such an inordinate risk of severe harm to be presented." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 519 n 2; 629 NW2d 384 (2001). A condition is not automatically characterized as unreasonably dangerous "merely because a particular open and obvious condition has some potential for severe harm" or a situation in which severe harm could occur can be imagined. *Id*. Rather, only "unusual" conditions where the "risk of harm . . . is so unreasonably high" that its presence is "inexcusable" will rise to this level. *Hoffner*, 492 Mich at 462; *Lugo*, 464 Mich at 518-519 n 2.

Holcomb focuses on the severity of a pedestrian's potential injury in a vehicle collision to argue that the obstructed view is unreasonably dangerous. But an obstruction caused by trees standing next to a business driveway is not unusual or uncommon. Nor does such an obstruction rise to the level of danger posed by "an unguarded thirty foot deep pit in the middle of a parking lot," *Lugo*, 464 Mich at 518, or an unrailed second-story balcony at the only entrance to a residential apartment. *Woodbury v Buckner (On Remand)*, 248 Mich App 684, 694; 650 NW2d 343 (2001). It also does not present " 'a uniquely high likelihood of harm or severity of harm,' " such as that caused by an extremely heavy bale of hay left suspended, and supported only by a point of frozen adherence, over an area in which people were working. *Jimkoski v Shupe*, 282

Mich App 1, 6; 763 NW2d 1 (2008). This case, on the contrary, involves a run-of-the-mill situation. That an obstruction made it more difficult to see intersecting traffic did not render the situation unreasonably dangerous. Rather, just as at any intersection, it required both parties to slow down or stop and look for traffic.

The condition was also not effectively unavoidable. In *Hoffner*, 492 Mich at 468-469, the Supreme Court described the stringent factors placing a danger in this category:

> Unavoidability is characterized by an *inability to be avoided*, an *inescapable* result, or the *inevitability* of a given outcome. Our discussion of unavoidability in *Lugo* was tempered by the use of the word "effectively," thus providing that a hazard must be unavoidable or inescapable *in effect* or *for all practical purposes*. Accordingly, the standard for "effective unavoidability" is that a person, for all practical purposes, must be *required* or *compelled* to confront a dangerous hazard. As a parallel conclusion, situations in which a person has a *choice* whether to confront a hazard cannot truly be unavoidable, or even effectively so. [Citation omitted, emphasis in original.]

The plaintiff in *Hoffner*, 492 Mich at 469, was injured when she slipped on ice outside the only entrance to her gym. The plaintiff noticed the ice and decided to try to enter anyway. She was not trapped inside with no way to exit, nor was she compelled to enter the recreational facility. Therefore, the Court found that the danger could have been avoided by choosing not to enter the gym. *Id.* at 473.

Similarly, in *Joyce v Rubin*, 249 Mich App 231, 233; 642 NW2d 360 (2002), the plaintiff was injured when she fell on ice outside a home where she previously worked as a live-in caregiver. The plaintiff contended that the homeowner forced her to move her belongings on a particular day despite the wintery weather, forced her to use the front door, and refused all efforts to make the walk safer. *Id.* This Court noted that the plaintiff could have stood her ground and refused to move that day or insisted on using a clearer path. Moreover, the plaintiff avoided the ice after her fall by skirting through the grass at the icy point, establishing that she could have done so all along. *Id.* at 242.

This case also presents a situation where the plaintiff could have avoided the danger. Holcomb could have turned around when he encountered a driveway with an open and obvious obstruction of view. Or Holcomb could have simply stopped and looked around the trees before proceeding thereby effectively avoiding the danger.

## E. AMENDMENT

Finally, Holcomb contends that the circuit court should have granted his motion to amend his complaint to add a claim that the visual obstruction amounted to a public nuisance. We review such claims for an abuse of discretion. *Tierney v Univ of Mich Regents*, 257 Mich App 681, 687; 669 NW2d 575 (2003).

MCR 2.116(I)(5) provides that when a court grants summary disposition under MCR 2.116(C)(10), "the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would

-7-

not be justified." MCR 2.118(A)(1) grants a party the right to file one amendment within 14 days of receiving the defendant's answer. All other amendments require the court's permission or a stipulation of the parties. MCR 2.118(A)(2). The court rules dictate that "[l]eave shall be freely given when justice so requires." *Id.* "Leave to amend should be denied only for particularized reasons, such as undue delay, bad faith, or dilatory motive on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or where amendment would be futile." *Jenks v Brown*, 219 Mich App 415, 420; 557 NW2d 114 (1996).

Holcomb had already amended his complaint twice. Even after two amendments, Holcomb asserted (without seeking to amend) that his premises liability count included a count for ordinary negligence, and claimed that the facts underlying his premises liability claim also supported a public nuisance count. Holcomb's efforts to recharacterize his premises liability count were his third attempt to amend his complaint. Holcomb was throwing darts until he could get a claim to stick to the detriment of Moose Traxx, which had to repeatedly research and rework its theory.

Moreover, another amendment to add a public nuisance claim would have been futile.

> "A public nuisance involves the unreasonable interference with a right common to all members of the general public." *Adkins v Thomas Solvent Co*, 440 Mich 293, 304 n 8; 487 NW2d 715 (1992). "No better definition of a public nuisance has been suggested than that of an act or omission which obstructs or causes inconvenience or damage to the public in the exercise of rights common to all Her Majesty's subjects." *Garfield Twp v Young*, 348 Mich 337, 341-342; 82 NW2d 876 (1957) (quotation marks and citation omitted). [*Sholberg v Truman*, 496 Mich 1, 6-7; 852 NW2d 89 (2014).]

" 'It is not necessary, however, that the entire community be affected, so long as the nuisance will interfere with those who come in contact with it in the exercise of a public right.' " *Garfield Twp*, 348 Mich at 342, quoting Prosser, Torts, § 71, pp 401, 402.

As described by this Court, the "unreasonable interference" underlying a public nuisance claim includes:

> (1) conduct that significantly interferes with public health, safety, peace, comfort, or convenience; (2) conduct that is prescribed by law; (3) conduct of a continuing nature that produces a permanent or long-lasting effect, and, as the actor knows or has reason to know, has a significant effect on public rights. [*Wagner v Regency Inn Corp*, 186 Mich App 158, 163; 463 NW2d 450 (1990).]

To be considered a public nuisance,

> the activity must be harmful to the public health, or create an interference in the use of a way of travel, or affect public morals, or prevent the public from the peaceful use of their land and the public streets. The question in each case is one of fact, and in each case we must consider the facts peculiar to that particular case. [*Garfield Twp*, 348 Mich at 342 (citations omitted).]

Consistent with these standards, the Supreme Court has found a public nuisance in the face of an actual obstruction on a public highway. See *Long v New York Central R Co*, 248 Mich 437; 227 NW2d 739 (1929) (where the flagman's shanty was erected within the curbline of the road, impeding traffic). But we are not faced with an actual obstruction to the roadway. Rather, we are faced with an alleged obstruction of visibility at the intersection of a sidewalk and a business driveway. "[A]n unreasonable interference with a public right includes significant interference with the public safety." *Askwith v Sault Ste Marie*, 191 Mich App 1, 6; 477 NW2d 448 (1991). As described in relation to a public nuisance claim against the government in avoidance of governmental immunity:

> This is not to say that any interference with public safety is sufficient to establish a public nuisance. If this were the case, then every case involving negligence by the government would necessarily compel the conclusion that the public nuisance exception to immunity would be applicable. That is, any negligence by the government that results in injury to a plaintiff necessarily involves interference with the public safety. To conclude that any such interference with the public safety is tantamount to being a public nuisance would result in the exception consuming the rule. Clearly, the public nuisance exception is not so broad. The limitations on the exception are clearly expressed in the Restatement: the interference must be unreasonable. [*Id.* at 6-7.]

The same reasoning is true in relation to the open and obvious doctrine. If every land condition that interferes in any small way with public safety could be considered a public nuisance, the open and obvious doctrine would be swallowed whole.

This small and obvious visual obstruction at the intersection of a public sidewalk with a private business's parking lot does not constitute a public nuisance. Accordingly, the circuit court did not abuse its discretion in denying Holcomb's third request to amend the complaint.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen

-9-