*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SUE MENDRYSA and JOHN MENDRYSA,

Plaintiffs-Appellants,

v

VHS CHILDREN'S HOSPITAL OF MICHIGAN, INC., doing business as DMC CHILDREN'S HOSPITAL OF MICHIGAN,

Defendant-Appellee.

UNPUBLISHED
May 16, 2019

No. 342131
Wayne Circuit Court
LC No. 16-016157-NO

Before: REDFORD, P.J., and MARKEY and K. F. KELLY, JJ.

PER CURIAM.

Plaintiffs appeal by right the trial court's order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(10). The trial court found that plaintiffs' action sounded in premises liability rather than ordinary negligence and that the alleged hazard—water on the floor of an operating room—was open and obvious. On appeal, plaintiffs argue that the lawsuit constituted an action for ordinary negligence; therefore, the open and obvious danger doctrine was inapplicable. We disagree and affirm.

This case arises out of a slip and fall that occurred at defendant's hospital. Plaintiff Sue Mendrysa[1] was employed by Deliver Dental Solutions, a general dentistry clinic that had an agreement with defendant to perform oral surgeries in the operating rooms of defendant's hospital. Plaintiff worked as a dental technician and assisted dentists performing oral surgeries. On December 9, 2013, before the first surgery of the day, plaintiff noticed that the dental cart that she was using was leaking water from a hose that was connected to a high speed water instrument. Despite the attendant nurse's calling maintenance, no one showed up to service the

---

[1] We shall refer to her as "plaintiff" for the remainder of this opinion. The claims by her husband, plaintiff John Mendrysa, are loss of companionship and consortium, which allegedly resulted from plaintiff's physical injuries.

cart and fix the leak. Plaintiff attempted to clean up the water. But later in the day, she slipped and fell when she stepped on a standing pad that had water underneath it. She was diagnosed with torn menisuses in both her right and left knees, each of which required surgery.

Plaintiffs sued defendant, alleging that defendant's failure to repair the cart's leak led to the injuries. Defendant moved for summary disposition pursuant to MCR 2.116(C)(10) on the basis that plaintiffs' action sounded in premises liability rather than ordinary negligence, and, consequently, the action was barred because there was no genuine issue of material fact that the water on the floor was an open and obvious danger. The trial court granted defendant's motion after it concluded that the injuries occurred as a result of a condition on the land, namely, the accumulated water on the operating room floor.

On appeal, plaintiffs contend that their action sounds in ordinary negligence rather than premises liability because the injuries were caused by defendant's conduct or failure to act.

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). Summary disposition under MCR 2.116(C)(10) is appropriate when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A motion brought pursuant to MCR 2.116(C)(10) tests the factual support for a party's action. *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013). "A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact." *Id.* "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10). *Pioneer State*, 301 Mich App at 377. A court may only consider substantively admissible evidence actually proffered relative to a motion for summary disposition under MCR 2.116(C)(10). *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999). "Like the trial court's inquiry, when an appellate court reviews a motion for summary disposition, it makes all legitimate inferences in favor of the nonmoving party." *Skinner v Square D Co*, 445 Mich 153, 162; 516 NW2d 475 (1994).

A possessor of land does not owe a duty to protect or warn an invitee or to safeguard a licensee with respect to dangers that are open and obvious. *Hoffner v Lanctoe*, 492 Mich 450, 460-461; 821 NW2d 88 (2012); *Pippin v Atallah*, 245 Mich App 136, 143; 626 NW2d 911 (2001).[2] The open and obvious danger doctrine applies to premises liability actions, but it is inapplicable to ordinary negligence claims. *Laier v Kitchen*, 266 Mich App 482, 484-485; 702 NW2d 199 (2005).

---

[2] Accordingly, it is irrelevant whether plaintiff is classified as an invitee or licensee.

"It is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007). "Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Id.*; see also *Compau v Pioneer Resource Co, LLC*, 498 Mich 928; 871 NW2d 210 (2015).[3] "A plaintiff cannot avoid the open and obvious danger doctrine by claiming ordinary negligence, when the facts only support a premises liability claim[.]" *Jahnke v Allen*, 308 Mich App 472, 476; 865 NW2d 49 (2014).

Here, plaintiff's injuries occurred as a direct result of a condition on the land, i.e., the accumulated water on the floor; therefore, the case is plainly a premises liability action. This is true even though plaintiffs assert that defendant created the condition giving rise to the injuries by failing to repair the dental cart; the conduct did not transform plaintiffs' action into an ordinary negligence suit. *Buhalis*, 296 Mich App at 692.

Plaintiffs rely heavily on *Kwiatkowski v Coachlight Estates of Blissfield, Inc*, 480 Mich 1062; 743 NW2d 917 (2008), which is a Supreme Court order that reversed a decision by this Court that had granted summary disposition to the defendants. The Supreme Court reversed for the reasons stated in the dissenting opinion issued as part of this Court's resolution of the case. *Id.* The facts of the case were set forth in *Kwiatkowski v Coachlight Estates of Blissfield, Inc*, unpublished per curiam opinion of the Court of Appeals, issued July 3, 2007 (Docket No. 272106); unpub op at 1:

> This action arises from plaintiff's fall from a porch when defendant Rupp allegedly opened a door into him. Plaintiff resided at a mobile home park owned/operated by defendant Coachlight Estates of Blissfield, Inc. . . ., and managed by defendant Rupp. According to plaintiff, he approached Rupp's mobile home to speak with him and, as he reached the top of the porch stairs, Rupp opened the screen door outward. The door hit plaintiff in the face and chest,

---

[3] This Court recently reaffirmed this principle in *Pugno v Blue Harvest Farms LLC*, 326 Mich App 1, 5; __ NW2d __ (2018), when it observed:

> In this case, plaintiff does not allege an ordinary negligence claim that is grounded on an independent theory of liability based on the defendant's conduct. Instead, plaintiff only alleges that Blue Harvest, a week before the incident, created the dangerous condition, i.e., the stacked pallets [that fell on plaintiff], and failed to maintain them in a safe manner. An action sounds in premises liability rather than ordinary negligence even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury. [Citations and quotation marks omitted.]

causing him to catch his left foot under the door and fall backward, and causing plaintiff to suffer injuries as a result.

The majority in this Court held that no duty was owed, but even if a duty were owed, there was no breach of the duty. Unpub op at 2-3. The majority concluded its opinion by also noting that the "plaintiff's claim arguably sounds in premises liability, not general negligence." Unpub op at 3. The dissent disagreed with the majority's analysis with regard to duty and breach of duty. Unpub op at 4. On the issue of premises liability versus ordinary negligence, the dissent opined that the "[p]laintiff's claim is based on defendant's alleged negligence in opening the door—not defendant's failure to protect him from dangerous conditions on the land." *Id.* The dissent concluded that the "[p]laintiff's claim sounded in ordinary negligence only." *Id.*

*Kwiatkowski* simply does not provide support for plaintiffs' position. The focus of *Kwiatkowski* was on duty and breach of duty, not the dichotomy between ordinary negligence and premises liability. But more importantly, the facts in *Kwiatkowski* quite clearly did not entail an injury arising from a dangerous condition on the land. Rather, the circumstances concerned an injury caused directly by ordinary negligence, assuming a negligent act. The events in *Kwiatkowski* are not analogous to the facts presented in the instant action.[4]

In sum, the gravamen of plaintiffs' action sounds in premises liability, not ordinary negligence; therefore, the open and obvious danger doctrine applies. Moreover, plaintiffs concede that if this case sounds in premises liability, the doctrine applies and precludes their action. Accordingly, the trial court did not err in concluding that the law of premises liability governed this case and that the open and obvious danger doctrine barred the suit.

We affirm. Having fully prevailed on appeal, we award defendant taxable costs under MCR 7.219.

/s/ James Robert Redford
/s/ Jane E. Markey
/s/ Kirsten Frank Kelly

---

[4] Plaintiffs' reliance on *Hiner v Mojica*, 271 Mich App 604; 722 NW2d 914 (2006), is also misplaced, given that in *Hiner* the plaintiff fell while running from the defendant's dog after the defendant failed to restrain the dog.